United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-60745

ELISEO MANZANO-GARCIA, ET AL.,

Petitioners,

versus

ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL,

Respondent.

Petition for Review of a Final Order
of the Board of Immigration Appeals

Before JOLLY, JONES, and DeMOSS, Circuit Judges:

PER CURIAM:

Eliseo Manzano-Garcia, his wife, Reina Manzano-Olea, and their minor child, Antonio Abraham Manzano-Olea (together, the "Manzanos") petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. For the following reasons, we DENY the Manzanos' petition for review.

**BACKGROUND**

Mr. Manzano, a native and citizen of Mexico, entered the United States on or about July 28, 1985, without being admitted or

paroled by an immigration officer. Mrs. Manzano and their two sons,[1] also natives and citizens of Mexico, entered the country in April and August 1989, without being admitted or paroled by an immigration officer. In 1998 the four family members were charged with being subject to removal under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as aliens present in the United States without being admitted or paroled.

The Manzanos were scheduled for separate hearings in August 1998; the hearings were continued so the proceedings could be consolidated. A hearing was held on September 17, 1998, and the Manzanos, through counsel, admitted the allegations of fact, conceded removal, and designated Mexico as their country of removal. The Manzanos sought a 30-day continuance to explore whether they were eligible for cancellation of removal.

On October 19, 1998, counsel advised that Mr. Manzano was not eligible for cancellation of removal, but that he had filed, through separate counsel, a labor certification application, which was pending with the Department of Labor. The parties agreed to a two-week continuance to verify the filing of the labor application. Counsel alternatively sought a period of 120 days to make a voluntary departure.

On November 12, 1998, Mr. Manzano presented the immigration

---

[1]One of their sons is an adult and did not join in the Manzanos' motion to reopen.

judge ("IJ") with a receipt for the labor certification application, which had been filed on November 17, 1997. Mr. Manzano requested another continuance, this one for six months, to obtain approval of the certification and to file and obtain approval of an immigrant visa petition. The government opposed this request. During the discussion before the IJ, it was revealed that Mr. Manzano had been voluntarily returned to Mexico in 1985 and 1995. The IJ indicated he was not pleased with the delays or the voluntary returns. However, the IJ stated that in the interest of the minor child, he would allow a three-month continuance to complete the labor certification process. On February 11, 1999, the Manzanos appeared and received another continuance of 90 days because approval of the labor certification application remained pending.

On May 17, 1999, a hearing commenced, and counsel for the Manzanos stated that the labor certification had been approved but that the immigrant visa petition had not been filed. Counsel stated that the Manzanos' other counsel had requested additional information and a filing fee from Mr. Manzano in order to file the I-140 immigrant visa petition, but Mr. Manzano contended he never received that request. Counsel reported that earlier that morning, Mr. Manzano had gone to his other counsel's office and signed the necessary paperwork to file the visa petition. However, counsel indicated the I-140 form still needed to be filed.

The IJ recessed the proceeding to allow counsel to obtain

documents from the Manzanos' other counsel and to determine when the form would be filed. Counsel provided copies of the labor certification, which reflected it had been approved on February 1, 1999, and sought another continuance to file and obtain the I-140 petition approval. The government objected, arguing that the labor certification had been approved on February 1, 1999, and Mr. Manzano had taken no action to file the I-140 form during the ensuing three-month period. After further discussion, Mr. Manzano submitted letters addressed to him from his other counsel, dated March 18, April 19, and May 13, 1999, requesting that Mr. Manzano pay a filing fee and submit a signed G-28 form. Mr. Manzano was apparently in possession of the letters but had not provided them to his counsel prior to the hearing. The Manzanos withdrew their request for voluntary departure.

The IJ noted that the labor certificate had been approved on February 1, 1999, and the immigrant visa petition had not been filed due to Mr. Manzano's failure to provide the requested documents and fees. The IJ also relied on the fact that Mr. Manzano did not produce the letters from his counsel requesting the information and fees until the IJ indicated he would deny the motion for continuance. The IJ determined that the Manzanos had shown no justification for the lack of action during the three-and-one-half months since the labor certification was approved and noted that Mr. Manzano still had not filed an immigrant visa petition or submitted an application for an adjustment in status.

4

The IJ thus denied the motion for continuance for lack of good cause. Because the Manzanos had abandoned their request for a voluntary departure and had no other applications for relief pending, the IJ ordered them removed to Mexico.

The Manzanos filed a timely notice of appeal from the IJ's decision to the BIA, arguing that the IJ abused his discretion in denying their motion for continuance and ordering their removal without allowing Mr. Manzano to complete the labor certification process. The Manzanos further argued that Mr. Manzano's petition for alien labor certification had been granted after the IJ ordered his removal and that, if the case was remanded, Mr. Manzano could have his status adjusted to being a lawful permanent resident. The government opposed this appeal, arguing that the IJ had properly denied the motion for continuance because the Manzanos had not shown good cause for their delay in processing the adjustment in status application.

On December 9, 2002, a single BIA member affirmed the IJ's decision without opinion. The Manzanos did not file a petition for review from that decision. On January 9, 2003, the Manzanos filed a timely motion to reopen to allow Mr. Manzano to apply for an adjustment of status and to stay removal proceedings. Mr. Manzano argued he was *prima facie* eligible for an adjustment of status and attached an I-485 form to that effect, which he had filed on December 17, 2002. The government opposed the motion, arguing that

5

Mr. Manzano could have presented this evidence during the former proceeding.

The BIA denied the motion to reopen, noting that Mr. Manzano's visa petition had not been approved prior to the IJ's decision because Mr. Manzano had not provided his counsel with the requested signed G-28 form. The BIA also considered that the Manzanos had been granted three prior continuances to pursue the labor certification, two of which were for three-month periods. The BIA noted the third continuance was granted after the labor certification had been approved, and during the three subsequent months, Mr. Manzano failed to facilitate the filing of the visa petition by signing and submitting the G-28 form. The BIA found that "although [Mr. Manzano] was not previously eligible to apply for adjustment of status, the cause is due in part to his contribution to the delay in the filing of the visa petition." The Manzanos timely filed this petition for review.

## DISCUSSION

I.  **Whether this Court has jurisdiction to review motions to reopen.**

Jurisdiction under INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii).

To begin, the government argues that this Court lacks jurisdiction to review the BIA's denial of the motion to reopen because, under INA § 242(a)(2)(B)(ii), now codified at 8 U.S.C. §

6

1252(a)(2)(B)(ii),[2] review of discretionary decisions is prohibited. The government contends that although the statute allowing motions to reopen does not *per se* state that a decision regarding a motion to reopen is within the sole or unreviewable discretion of the Attorney General, 8 U.S.C. § 1229a(c)(6), such determinations are universally recognized as inherently discretionary. *See, e.g.,* **INS v. Doherty**, 502 U.S. 314, 323-24 (1992) (noting Attorney General's broad discretion to deny motions to reopen). The Manzanos contend this Court retains jurisdiction under § 1252(a) over an appeal from a final order of a denial of the BIA of a motion to reopen.

This Court recently undertook to resolve this precise issue – "the degree to which 8 U.S.C. § 1252(a)(2)(B)(ii) . . . precludes judicial review of motions to reopen immigration proceedings." **Zhao v. Gonzales**, 404 F.3d 295, 301-02 (5th Cir. 2005). There, the Court noted that it is a federal regulation, 8 C.F.R. §

_____

[2]Subsection 1252(a)(2)(B) provides, in relevant part:

Notwithstanding any other provision of law, no court shall have jurisdiction to review– . . .

(ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).

1003.23(b)(3),[3] and not any statute, which furnishes the amount of discretion that the Attorney General enjoys when considering motions to reopen. *Zhao*, 404 F.3d at 303. The Court continued on to discuss how due to this regulatory-provided discretion, § 1252(a)(2)(B)(ii) could mistakenly be read:

> as stripping us of the authority to review any discretionary immigration decision. That reading, however, is incorrect, because § 1252(a)(2)(B)(ii) strips us only of jurisdiction to review discretionary authority *specified in the statute*. The statutory language is uncharacteristically pellucid on this score; it does not allude generally to "discretionary authority" or to "discretionary authority exercised *under this statute*," but specifically to "authority for which is *specified under this subchapter* to be in the discretion of the Attorney General."

*Id.* Thus, the Court found it had jurisdiction to review the BIA's denial of the petitioner's motion to reopen because the BIA had not exercised any statutorily provided discretion under the subchapter of title 8 governing immigration proceedings, but instead had exercised discretion as delineated by a regulation of the Attorney General. *Id.* This is the precise case here; the BIA exercised its regulatory-granted discretion to deny the Manzanos' motion to reopen their removal proceedings. Therefore, we retain the authority to review this motion to reopen under §

_____

[3]Section 1003.23(b)(3) provides, in relevant part: "The Immigration Judge has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief." 8 C.F.R. § 1003.23(b)(3).

1252(a)(2)(B)(ii).  *See id.*

<u>Jurisdiction under INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i).</u>

The government also makes the argument that this Court lacks jurisdiction pursuant to INA § 242(a)(2)(B)(i), now codified at 8 U.S.C. § 1252(a)(2)(B)(i), which states that we cannot review "any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title."  8 U.S.C. § 1252(a)(2)(B)(i).  The government contends § 1252(a)(2)(B)(i) bars our review because the BIA's exercise of its authority to deny reopening the Manzanos' proceedings was a discretionary decision that relates to INA § 245, 8 U.S.C. § 1255, which governs adjustment of status.  The government also insists **Rodriguez v. Ashcroft**, 253 F.3d 797, 799-800 (5th Cir. 2001) (per curiam), where this Court determined that it had no jurisdiction to review the BIA's denial of a petitioner's motion to reopen, controls such that we cannot review the Manzanos' motion to reopen.

In **Rodriguez**, the IJ concluded that the petitioner had failed to establish that he would suffer extreme hardship should he be deported and thus denied his application for suspension of deportation under INA § 244, 8 U.S.C. § 1254 (now repealed).  **Id.** at 798.  The BIA affirmed; the petitioner did not appeal but instead filed a motion for reconsideration in light of new evidence, which the BIA treated as a motion to reopen.  **Id.** at 798-99.  The BIA concluded the new evidence was insufficient to change

9

its prior decision. *Id.* at 799. The petitioner appealed, arguing that the BIA abused its discretion in affirming the IJ's conclusion that he failed to establish that he would suffer extreme hardship if deported. *Id.* We acknowledged that "Congress has expressly precluded our consideration of the merits of [the petitioner's] claim that the BIA abused its discretion in denying his application for suspension of deportation pursuant to INA § 244 for his failure to establish that he would suffer extreme hardship if deported to his native" country. *Id.* Thus, because § 309(c)(4)(E) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") prohibited review of discretionary decisions relating to the INA § 244 element of "extreme hardship," we held:

> It is axiomatic that if we are divested of jurisdiction to review an original determination by the [BIA] that an alien has failed to establish that he would suffer extreme hardship if deported, we must also be divested of jurisdiction to review the [BIA]'s denial of a motion to reopen on the ground that the alien has still failed to establish such hardship.

*Id.* at 800; *see also* IIRIRA § 309(c)(4)(E) ("[T]here shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244, or 245 of the Immigration and Nationality Act."). We noted that "[t]o hold otherwise would create a loophole that would thwart the clear intent of Congress that the courts not review the discretionary decisions of the BIA." *Id.* Thus, in *Rodriguez*, we considered if we had jurisdiction pursuant to the IIRIRA equivalent of § 1252(a)(2)(B)(i) and determined we did not because §

10

309(c)(4)(E) expressly precluded our review of the merits of extreme hardship determinations under INA § 244. *See* *id.* at 800 (distinguishing *Arrozal v. INS*, 159 F.3d 429 (9th Cir. 1998), because there the "merits of the denial to reopen . . . involved a deportation order under INA § 241(a)(2)" for the petitioner overstaying her visa, not her request for suspension of deportation under INA § 244).

Here, unlike in *Rodriguez*, we would not have been precluded from reviewing the original determination of the BIA, which summarily affirmed the IJ's decision in his order of removal that the Manzanos had not shown good cause to merit another continuance, because that judgment did not relate to any of the delineated subsections of title 8 we cannot review under § 1252(a)(2)(B)(i). Instead, the IJ ordered, and the BIA affirmed, the Manzanos removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). The IJ did not make any discretionary determination based on voluntary departure or adjustment of status pursuant to his statutorily granted discretion under 8 U.S.C. § 1229c or § 1255. Rather, the IJ expressly noted that the Manzanos had abandoned their request for voluntary departure and that there was no adjustment of status application yet submitted to the court because there was no current, approved immigrant visa petition and no visa petition had yet been filed. The IJ's denial of continuance and the BIA's summary affirmance of that decision were indeed

11

discretionary; however, such discretion is authorized pursuant to regulation, not to any statute outlined in § 1252(a)(2)(B)(i). *See* 8 C.F.R. § 1003.29 ("The Immigration Judge may grant a motion for continuance for good cause shown.").[4] Therefore, **Rodriguez** does not preclude our review here.

As for any argument that we lack jurisdiction because the Manzanos' motion to reopen relates to a request for adjustment of Mr. Manzano's status, this would clearly be the case if the BIA had actually made a discretionary determination on the merits to deny such adjustment of status under INA § 245, 8 U.S.C. § 1255. *See* **Medina-Morales v. Ashcroft**, 371 F.3d 520, 526 (9th Cir. 2004) ("If the denial of [the petitioner's] motion to reopen was a judgment regarding the granting of relief under . . . § 1255 . . ., then we are without jurisdiction to review the discretionary aspects of the BIA's decision."). However, the parties' arguments on appeal here only relate to the allegedly erroneous factual and legal findings of the BIA in denying the Manzanos their motion to reopen their removal proceedings, not to any alleged factual or legal errors made by the BIA in any decision to actually deny Mr. Manzano adjustment of status under § 1255.

Mr. Manzano's basis for the reopening of removal proceedings was that his visa petition had now been approved; that is, he

---

[4]Such regulatory-based discretionary decision would also be reviewable under the reasoning of **Zhao**.

12

alleged he was now *prima facie* eligible for an adjustment of status pursuant to INA § 245(i), 8 U.S.C. § 1255(i). The government opposed the reopening because "[t]he crucial information in this case . . . is not new and could have been presented earlier." Under 8 C.F.R. § 1003.2 (formerly 8 C.F.R. § 3.2), the BIA could not grant the motion to reopen unless it found that Mr. Manzano's new evidence was "material and was not available and *could not have been discovered or presented at the former hearing*." 8 C.F.R. § 1003.2(c)(1) (emphasis added). The record indicates that the BIA denied the Manzanos' motion to reopen because of Mr. Manzano's prior dilatory actions in not promptly filling out the requisite paperwork and applying for his visa such that at the time the Manzanos sought yet another continuance from the IJ and were deemed removable under INA § 242(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), Mr. Manzano was still not eligible to apply for adjustment of status under § 1255.

Apparently, the BIA determined that Mr. Manzano's tardiness in applying for his visa, particularly where multiple continuances had been granted by the IJ, meant his approved visa could feasibly have been presented at some time during the former proceeding for him to apply for adjustment of status. Thus, we reasonably infer that the BIA denied the motion to reopen based on the second ground enumerated in *INS v. Abudu*, 485 U.S. 94 (1988): "the movant has not introduced previously unavailable, material evidence, 8 CFR §

13

3.2."[5] *Id.* at 104-05. *But see* **Mickeviciute v. INS**, 327 F.3d 1159, 1163 (10th Cir. 2003) (remanding where it was not clear on what ground of **Abudu** the BIA had relied to deny a motion to reopen). Here, the BIA denied the Manzanos' motion to reopen pursuant to 8 C.F.R. § 1003.2 and the "new evidence" ground of **Abudu**. *See* 485 U.S. at 105. The BIA thus ultimately affirmed its prior affirmance of the Manzanos' removability under § 1182(a)(6)(A)(i); it did not make an adverse determination of the merits of Mr. Manzano's application for adjustment of status under § 1255.

As the government acknowledges, courts from other Circuits have held that the analogous judicial review provision of IIRIRA, § 309(c)(4)(E), does not bar a court's jurisdiction over a motion to reopen where the denial is not based on the merits of any delineated barred subsection.[6] One court has held such in the

_____

[5]The other available **Abudu** grounds are either: that the petitioner has not established a *prima facie* case for the underlying relief sought; or without deciding either that a *prima facie* case has not been met or the new evidence was previously available, leaping ahead and "simply determin[ing] that even if [the two threshold concerns] were met, the movant would not be entitled to the discretionary grant of relief." 485 U.S. at 104-05.

[6]*See* **Stewart v. INS**, 181 F.3d 587, 595-96 (4th Cir. 1999) (finding BIA's denial of motion to reopen was a decision that the petitioner had not shown "exceptional circumstances" under INA § 242B(e)(2)(A), not a merits determination of adjustment of status under INA § 245, barred from review by INA § 309(c)(4)(E)); **Arrozal**, 159 F.3d at 432 (finding BIA's denial of motion to reopen was a decision under INA § 241(a)(2) that the petitioner had overstayed her visa, not a merits determination of whether she met a showing of extreme hardship under INA § 244, barred from review by INA § 309(c)(4)(E)); *see also* **Prado v. Reno**, 198 F.3d 286, 291

14

context of INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i).  *See*

*Medina-Morales*, 371 F.3d at 527 (finding BIA's denial of motion to

reopen was a decision affirming removal under § 1182(a)(6)(A)(i),

not based on an adverse determination of the merits under § 1229c

or § 1255, and thus was not barred from review by §

1252(a)(2)(B)(i)).  We agree with such reasoning here and hold that

review of the BIA's denial of the Manzanos' motion to reopen

pursuant to 8 C.F.R. § 1003.2 is not barred by § 1252(a)(2)(B)(i)

because such denial was an affirmance of their removability under

§ 1182(a)(6)(A)(i), not an adverse determination of the merits of

Mr. Manzano's requested adjustment of status under § 1255.

**II.  Whether the BIA abused its discretion in denying the Manzanos'
     motion to reopen.**

We review the BIA's denial of a motion to reopen proceedings

under a highly deferential abuse of discretion standard.  *Zhao*, 404

F.3d at 303; *see also* *Lara v. Trominski*, 216 F.3d 487, 496 (5th

Cir. 2000) ("[M]otions for reopening of immigration proceedings are

disfavored . . . .") (quoting *Doherty*, 502 U.S. at 323).  Even

where the petitioner has made out a *prima facie* case of eligibility

for suspension of removal, the BIA can choose to deny the motion to

reopen if it finds "the movant has not introduced previously

---

(1st Cir. 1999) ("The decision as to which [the petitioner] seeks
review is not a BIA judgment on whether to adjust [her] status
[under INA § 245], which would be a 'judgment regarding the
granting of relief under' an enumerated section, but is rather a
decision not to reopen under 8 C.F.R. § 3.2" (now 8 C.F.R. §
1003.2) not barred from review by INA § 309(c)(4)(E)).

15

unavailable, material evidence." *Abudu*, 485 U.S. at 104-05 (noting the proper standard of review for a denial on such ground is abuse of discretion). Such discretion is not to be disturbed "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993) (citation omitted).

The Manzanos argue that the BIA's decision to deny their motion to reopen was based on erroneous factfindings and an improper application of the law, and thus that such denial was unreasonable and arbitrary. The main facts the Manzanos dispute are that Mr. Manzano did not sign the G-28 form due to delay on his part, but rather because he did not receive the form from his counsel, and that they only received two, not three, prior continuances for completion of the labor certification process. The Manzanos argue that even if such facts were correct, their case is factually distinguishable from other cases where motions to reopen have been denied for reasons such as repeated violations of immigration laws and frivolous appeals, *INS v. Rios-Pineda*, 471 U.S. 444, 450-52 (1985); being a fugitive from justice, *Wittgenstein v. INS*, 124 F.3d 1244, 1245 (10th Cir. 1997); concealment of whereabouts, *Arana v. United States Immigration & Naturalization Serv.*, 673 F.2d 75, 76-77 (3d Cir. 1982); or refusal

16

to comply with a surrender notice, **Matter of Barocio**, 19 I & N Dec. 255, 257-58 (BIA 1985).

The government responds that the BIA did not err in stating the facts underlying its decision. Through counsel, the government argues, Mr. Manzano requested a total of six continuances – of which he received five. The government maintains the IJ granted three prior continuances for Mr. Manzano to pursue his application for labor certification, on October 19, 1998 (to await approval of the application), November 12, 1998 (again, to await approval of the application), and February 11, 1999 (pending final decision on the application). The government also contends the record supports that the delay in filing the I-140 immigrant visa petition was due, in part, to Mr. Manzano's failure to respond to his counsel's repeated communications in that regard.

We find that the record does not support the Manzanos' assertion that the BIA made erroneous factfindings. Mr. Manzano's assertion that he did not receive the G-28 form from his counsel was belied by the fact that Mr. Manzano had three letters from such counsel handling his immigrant visa status on his person at the May 17, 1999, hearing before the IJ. The record also does not reflect that the Manzanos received only two prior continuances related to the labor certification process. While the government only contested the latter two continuances, the IJ was aware that separate counsel was handling the labor certification process and

allowed the Manzanos a two-week continuance on October 19, 1998; a three-month continuance on November 12, 1998; and a three-month continuance on February 11, 1999, to conclude Mr. Manzano's certification. The Manzanos offered no, much less any reasonable, explanation for their delays in filing the forms necessary to obtain an adjustment in Mr. Manzano's residency status.

Here, the BIA considered whether the Manzanos merited the exercise of its discretion to grant reopening for adjustment of status and noted that Mr. Manzano was partly the cause for an approved visa petition not being presented during the former proceeding such that he would have, at that time, been eligible for adjustment of status. Thus, the BIA concluded that Mr. Manzano's dilatory actions did not merit such exercise because the evidence was not "new" and could have been presented earlier. *See* **Abudu**, 485 U.S. at 104-05; *see also* 8 C.F.R. § 1003.2(c)(i). Because such decision was neither unreasonable nor arbitrary, we conclude the BIA did not abuse its discretion in denying the motion to reopen. *See* **Rios-Pineda**, 471 U.S. at 450 (approving the discretion to "legitimately avoid creating a further incentive for stalling by refusing to reopen [removal] proceedings for those who became eligible for such [removal] only because of the passage of time" through repeated delays).

**III. Whether the BIA violated the Manzanos' due process rights.**

The Fifth Amendment requires that aliens subject to removal

18

proceedings be provided due process: "(1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." *United States v. Lopez-Ortiz*, 313 F.3d 225, 230 (5th Cir. 2002), *cert. denied*, 537 U.S. 1135 (2003) (citing *Kwong Hai Chew v. Colding*, 344 U.S. 590, 597-98 (1953)).

The Manzanos make no contention that they were not properly afforded either notice, a hearing, or a fair opportunity to be heard. The Manzanos merely make a one-sentence argument that their constitutional due process rights have been violated due to the legal and factual errors committed by the BIA in the denial of their motion to reopen. Thus, what the Manzanos presuppose is that they have a constitutionally protected right to actual discretionary relief from removal or to be eligible for such discretionary relief, and that because the BIA denied their motion to reopen, it follows that their due process rights have been violated. This is incorrect. *See Jay v. Boyd*, 351 U.S. 345, 353 (1956) ("[T]hough we assume a statutory right to a full hearing on those issues, it does not follow that such a right exists on the ultimate decision – the exercise of discretion to suspend deportation."); *Lopez-Ortiz*, 313 F.3d at 230-31 (holding in illegal reentry criminal case that petitioner had no constitutional due process interest in eligibility for discretionary relief from removal under § 212(c) of the Immigration and Nationality Act); *see*

19

*also* **Nguyen v. Dist. Dir., Bureau of Immigration & Customs Enforcement**, 400 F.3d 255, 259 (5th Cir. 2005) (holding same in a collateral civil proceeding).  We find no evidence in the record that indicates the BIA violated the Manzanos' due process rights.

## CONCLUSION

Having carefully considered the record of the case and the parties' respective briefing, for the reasons set forth above, we DENY the petition for review.

**DENIED.**