Mazen Jaber Mahmoud AHMAD; Suhair Saado Banat; Rami Mazen Jaber Ahmed; Rawan Mazen Jaber Ahmad; Ruba Mazen Jaber Ahmad, Petitioners,

v.

Alberto R. GONZALES, U.S. Attorney General, Respondent.

No. 04–60980
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 2005.

Donald Torrence Fulton, Law Offices of Donald T. Fulton, Fort Worth, TX, for Petitioners.

David V. Bernal, Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, Rodney Morris, U.S. Department of Justice, Washington, DC, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before GARWOOD, JONES and SMITH, Circuit Judges.

PER CURIAM: *

Mazen Jaber Mahmoud Ahmad, his wife Suhair Saado Banat, and their children (collectively, the Ahmads) petition this court for review of the Board of Immigration Appeals' (BIA) order denying their motion to reconsider a final order of removal. The Ahmads contend that the immigration judge (IJ) abused his discretion in denying a motion for a continuance because the Ahmads established that their visa application should have been approved, rendering visas "immediately

---

* Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

available" to them as required by 8 U.S.C. § 1255(a)(3).

■ As an initial matter, the respondent asserts that we do not have jurisdiction over the Ahmads' petition for review under 8 U.S.C. § 1252(a)(2)(B)(ii). This argument is foreclosed by this court's opinions in *Zhao v. Gonzales*, 404 F.3d 295, 302–03 (5th Cir.2005), and *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 466–70 (5th Cir. 2005).

■ This court reviews the BIA's denial of a motion to reconsider under a highly deferential abuse-of-discretion standard. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir.2000); *Osuchukwu v. INS*, 744 F.2d 1136, 1141–42 (5th Cir.1984). The Ahmads have not met this standard. An alien is entitled to an adjustment of status at the Attorney General's discretion "if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigration visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to [the alien] at the time his application is filed." 8 U.S.C. § 1255(a). Even if it is assumed that the Ahmads' visa application was approved, rendering them eligible to receive visas, they have not established that immigrant visas are immediately available to them as third preference visa holders. *See* 8 U.S.C. § 1153(a)(3). *See also* 8 U.S.C. § 1101(b)(1). The IJ therefore did not abuse his discretion in denying a motion for continuance, because the Ahmads have not shown good cause. *See Witter v. INS*, 113 F.3d 549, 555 (5th Cir.1997); *Diarra v. Gonzales*, 137 F. App'x. 627, 632 n. 5 (5th Cir. June 2, 2005) (No. 04–60097) (unpublished). Consequently, the Ahmads' petition for review is DENIED.