United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60980
Summary Calendar

MAZEN JABER MAHMOUD AHMAD;
SUHAIR SAADO BANAT;
RAMI MAZEN JABER AHMED;
RAWAN MAZEN JABER AHMAD;
RUBA MAZEN JABER AHMAD,

Petitioners,

versus

ALBERTO R. GONZALES, U.S.
ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 556 494
BIA No. A79 556 495
BIA No. A79 556 496
BIA No. A79 556 497
BIA No. A79 556 498

Before GARWOOD, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

Mazen Jaber Mahmoud Ahmad, his wife Suhair Saado Banat, and

their children (collectively, the Ahmads) petition this court for

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review of the Board of Immigration Appeals' (BIA) order denying their motion to reconsider a final order of removal. The Ahmads contend that the immigration judge (IJ) abused his discretion in denying a motion for a continuance because the Ahmads established that their visa application should have been approved, rendering visas "immediately available" to them as required by 8 U.S.C. § 1255(a)(3).

As an initial matter, the respondent asserts that we do not have jurisdiction over the Ahmads' petition for review under 8 U.S.C. § 1252(a)(2)(B)(ii). This argument is foreclosed by this court's opinions in *Zhao v. Gonzales*, 404 F.3d 295, 302-03 (5th Cir. 2005), and *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 466-70 (5th Cir. 2005).

This court reviews the BIA's denial of a motion to reconsider under a highly deferential abuse-of-discretion standard. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000); *Osucukwu v. INS*, 744 F.2d 1136, 1141-42 (5th Cir. 1984). The Ahmads have not met this standard. An alien is entitled to an adjustment of status at the Attorney General's discretion "if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigration visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to [the alien] at the time his application is filed." 8 U.S.C. § 1255(a). Even if it is assumed that the Ahmads' visa

2

application was approved, rendering them eligible to receive visas, they have not established that immigrant visas are immediately available to them as third preference visa holders. *See* 8 U.S.C. § 1153(a)(3). *See also* 8 U.S.C. § 1101(b)(1). The IJ therefore did not abuse his discretion in denying a motion for continuance, because the Ahmads have not shown good cause. *See Witter v. INS*, 113 F.3d 549, 555 (5th Cir. 1997); *Diarra v. Gonzales*, 137 F. App'x. 627, 632 n.5 (5th Cir. June 2, 2005) (No. 04-60097) (unpublished). Consequently, the Ahmads' petition for review is DENIED.