United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60987
Summary Calendar

RAHIM KASAM MAREDIAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 233 764
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Rahim Kasam Maredian petitions for review of the Board of
Immigration Appeals' (BIA's) denial of his motion to reopen
removal proceedings. Maredian was ordered deported in absentia
to his native Pakistan when he failed to appear at a master
hearing. Maredian argues that he is entitled to reopening of the
proceedings because he received inadequate notice of the hearing
date. He further agues that the BIA's ruling was violative of
his Fifth Amendment due process rights.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A deportation order entered in absentia pursuant to § 240(b)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 may be rescinded upon a motion to reopen "if the alien demonstrates that he . . . did not receive notice in accordance with [8 U.S.C. § 1229(a)(1)&(2)]."  8 C.F.R. § 1003.23(b)(4)(ii) (2005).  Maredian has not made such a showing.  The record supports the findings of the immigration judge, adopted and affirmed by the BIA, that Maredian was personally served with written notice of the new hearing date and was also orally advised of such.  Maredian has therefore not shown the BIA's ruling to be an abuse of discretion, Zhao v. Gonzales, 404 F.3d 295, 303-04 (5th Cir. 2005), and, having been afforded notice, he has also not suffered a due process violation.  Manzano-Garcia v. Gonzales, 413 F.3d 462, 470 (5th Cir. 2005).  His petition for review is therefore DENIED.