United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-60544
Summary Calendar

SALEEM KASSAMALI RAHEEMANI,

Petitioner

VERSUS

JOHN D. ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
the Board of Immigration Appeals

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Saleem Kassamali Raheemani petitions this court to review a Board of Immigration Appeals' order denying his motion to reopen to apply for adjustment of status. Because we find the BIA did not abuse its discretion, we AFFIRM.

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

I.

Petitioner is a native and citizen of Pakistan, who was admitted to the United States in 1995 as a visitor and permitted to remain until February 1996. In 2003, the Immigration and Naturalization Service ("INS") issued a Notice to Appear, charging him with removability pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States longer than permitted. Raheemani admitted each of the allegations in the Notice to Appear and conceded removability at his immigration hearing. He requested voluntary departure, which was granted until November 13, 2003. No appeal was taken from that order.

On August 18, 2003, Raheemani filed a motion to reopen for adjustment of status with the immigration judge. He asserted that his alien labor certification application was approved and that he was the beneficiary of an I-140 visa petition which was pending approval, and therefore his removal proceedings should be reopened to allow him to apply for adjustment of status. The immigration judge denied his motion to reopen, finding that the "approval of the I-140 visa petition [was] highly problematic and the mere filing of such a petition does not justify the reopening of a case." On appeal, the Board affirmed the immigration judge's order without opinion. This appeal followed.

II.

A.

The government argues that our decision in United States v.

2

<u>Assaad</u>, 378 F.3d 471 (5th Cir. 2004) controls and that this court lacks jurisdiction under section 242(a)(2)(B)(I) of the INA, 8 U.S.C. § 1252(a)(2)(B)(I), because the order related to a discretionary adjustment of status. We disagree and conclude that we have jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(B)(i), this court lacks jurisdiction to review any order relating to the discretionary adjustment of status pursuant to 8 U.S.C. § 1255.[2] In <u>Manzano-Garcia v. Gonzalez</u>, 413 F.3d 462 (5th Cir.2005), we addressed this court's jurisdiction to review a ruling on a motion to reopen under INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). We stated that we lacked jurisdiction over Manzano's motion to reopen as it related to his request for adjustment of status, "if the BIA had actually made a discretionary determination on the merits to deny such adjustment of status under INA § 245, 8 U.S.C. § 1255." <u>Id.</u> at 468. *See also* <u>Medina-Morales v. Ashcroft</u>*,* 371 F.3d 520, 526 (9th Cir.2004) ("If the denial of [the petitioner's] motion to reopen was a judgment regarding the granting of relief under . . .

---

[2]8 U.S.C. § 1252(a)(2)(B)(i) provides:

Notwithstanding any other provision of law, no court shall have jurisdiction to review --

(i) any judgment regarding the granting of relief under section...1255 of this title, or (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

§ 1255 . . . then we are without jurisdiction to review the discretionary aspects of the BIA's decision.").

In the instant case, the immigration judge denied Raheemani's motion to reopen after finding that "the approval of the I-140 visa petition is highly problematic and the mere filing of such a petition does not justify the reopening of a case." This statement does not amount to a decision on the merits of Raheemani's adjustment of status claim. Because the immigration judge's order was "not an adverse determination of the merits of [petitioner's] requested adjustment of status under § 1255," this court is not stripped of jurisdiction over the motion to reopen. Manzano-Garcia, 413 F.3d at 469.

B.

We review the denial of a motion to reopen proceedings under a highly deferential abuse of discretion standard. *See* Zhao v. Gonzalez, 404 F.3d 295 (5th Cir.2005). *See also* Lara v. Trominski, 216 F.3d 487, 496 (5th Cir.2000)("[M]otions for reopening of immigration proceedings are disfavored...")(quoting INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719). The United States Supreme Court has found that even if the petitioner makes out a *prima facie* case of eligibility for suspension of removal, the BIA can deny the motion to reopen if it finds "the movant has not introduced previously unavailable, material evidence." INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904 (1988); *see also*, 8 C.F.R. § 1003.2(a)

4

("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). We will not disturb the BIA's discretion "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." Pritchett v. INS, 993 F.2d 80, 83 (5th Cir.1993)(citing Osuchukwu v. INS, 477 F.2d 1136, 1141-42 (5th Cir.1984)).

Raheemani argues that the BIA's decision was legally erroneous for two reasons. First, he contends the government failed to file a timely opposition, and thus the motion should have been deemed unopposed. *See* 8 C.F.R. §1003.23(b)(1)(iv). Second, he argues that the immigration judge based his denial on "plainly erroneous grounds—not any coherent discretionary one."[3] As petitioner points out, there are "at least" three reasons a motion to reopen may be denied: (1) failure of applicant to make a prima facie case for underlying substantive relief sought; (2) failure to produce previously unavailable material evidence; and (3) if the ultimate relief sought is a discretionary decision (such as adjustment of status), the BIA may "leap ahead...over the two threshold concerns (*prima facie* case and new evidence/reasonable explanation), and simply determine, that even if they were met, the movant would not

---

[3]Particularly, petitioner argues that the immigration judge committed legal error because he stated that Raheemani could await the approval of his visa in Pakistan.

be entitled to the discretionary grant of relief." <u>Abudu</u>, 485 U.S. at 105.

The immigration judge denied petitioner's motion to reopen because he found the "approval of the I-140 visa petition [was] highly problematic and the mere filing of such petition does not justify the reopening of a case." We do not find the BIA's reasons for denying the motion to be capricious, racially invidious, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." Also, the failure of the government to file an opposition to the motion to reopen does not require that the district judge grant the motion. The grant of the motion remains discretionary even though it is unopposed. The immigration judge was not obliged to grant a motion to reopen based on a "problematic" pending I-140 petition. Under the very deferential standard used to review denials of motions to reopen, we cannot say that the Board erred in finding that the immigration judged did not abuse his wide discretion. We therefore deny the petition to review.

AFFIRMED.