United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

Nos. 04-60011 & 04-60597

AYED ABDEL FATTAH GHANEM,

Petitioner,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

Petition for Review of the Decision of the Board of Immigration
Appeals

(A75 002 738)

Before HIGGINBOTHAM, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:*

Ayed Abel Fattah Ghanem, a native of Kuwait and citizen of Jordan, entered the United States without inspection in November 1996. In March 1997, he married a United States citizen, who filed an I-130 visa petition to classify Ghanem as her immediate relative. The former Immigration and Naturalization Service ("INS") investigated the petition and issued a notice of intent to

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deny the petition based on its conclusion that the marriage was contrived solely to secure Ghanem's admission into the United States. Ghanem's wife later withdrew the petition and signed a statement that she and Ghanem had not actually lived together as husband and wife. The INS accordingly denied the petition.

Ghanem later married a second United States citizen, who filed another I-130 petition on his behalf in May 2002. While the 2002 petition was pending, Ghanem was issued a notice to appear to respond to the charge that he was removable as an alien present in the United States without being admitted or paroled. At the hearing Ghanem conceded removability, but requested and was granted a continuance until October 2002. At the second hearing, Ghanem sought another continuance to await approval of the 2002 petition and also to present evidence that the 1997 petition was based on a valid marriage. The immigration judge denied Ghanem's request for a second continuance, found Ghanem removable, and ordered him removed to Jordan.

Ghanem appealed the denial of continuance to the Board of Immigration Appeals ("BIA"), and in December 2003, the BIA affirmed the denial. Ghanem then moved the BIA to reconsider its affirmance, and in April 2004, the BIA denied the motion. In addition, in May 2004, Ghanem filed a motion to reopen based on new evidence. The BIA denied the motion to reopen as untimely because it was filed well over ninety days after the BIA's December 2003

decision affirming the immigration judge's order of removal. *See* 8 C.F.R. 1003.23(b)(1)(2004).

Ghanem timely petitioned this Court for review of the BIA's decision affirming the immigration judge's denial of his second request for continuance. Ghanem asserts that the BIA abused its discretion because the immigration judge should have granted him more time to present evidence that his first marriage was valid and that he would become eligible to apply to adjust his status to that of an alien lawfully admitted into the United States.

Ghanem also timely petitioned this Court for review of the BIA's denial of his motion to reopen. He argues that the BIA abused its discretion because the ninety-day limit to file his motion to reopen should have been measured from the BIA's April 2004 decision denying his motion to reconsider. The two petitions for review were consolidated.

This Court has jurisdiction because the denial of Ghanem's motion to reopen and request for continuance are both deemed discretionary decisions by regulation rather than by the Immigration and Nationality Act. Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005); Manzano-Garcia v. Gonzales, 413 F.3d 462, 466-67 (5th Cir. 2005).

We review the BIA's affirmance of the immigration judge's denial of Ghanem's request for continuance for an abuse of discretion. Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997). We

3

also review the BIA's denial of Ghanem's motion to reopen for an abuse of discretion. <u>Panjwani v. Gonzales</u>, 401 F.3d 626, 632 (5th Cir. 2005).

After a thorough review of the briefs and relevant portions of the record, we conclude that the BIA did not abuse its discretion when it affirmed the immigration judge's denial of Ghanem's request for a continuance. Similarly, the BIA did not abuse its discretion when it denied petitioner's motion to reopen. Therefore, we DENY the petitions for review for essentially the reasons provided by the BIA in its orders.

**DENIED.**