United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 04-60269

ANTHONY IKECHUKOU OKAFOR,

Petitioner,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

Petition for Review of the Decision of the Board of Immigration
Appeals

(A78 128 302)

Before HIGGINBOTHAM, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

In December 1996, Anthony Ikechukou Okafor, a native and
citizen of Nigeria, entered the United States without inspection.
He married a United States citizen, Erika Lanyn Gaston, who filed
an I-130 visa petition to classify Okafor as her immediate
relative. The former Immigration and Naturalization Service
("INS") denied the petition after finding that the marriage was

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fraudulent. Okafor's appeal of that decision to the Board of Immigration Appeals ("BIA") is still pending.

In May 2002, Okafor was served with a notice to appear, charging that he was removable as an alien who entered the United States without inspection. Okafor and Gaston divorced soon after, and in July 2002, Okafor married his current wife, Marianne Gonzales. Gonzales filed another I-130 visa petition on Okafor's behalf on September 20, 2002.

Okafor's removal hearing took place on September 30, 2002. He presented no evidence to rebut the charge that he was removable, but requested a continuance of the proceedings. The immigration judge denied Okafor's request, found him removable as charged, and granted him voluntary departure. The BIA affirmed the immigration judge's denial of continuance without discussion. Okafor timely appealed to this Court.

This Court has jurisdiction because the denial of Okafor's request for continuance is deemed a discretionary decision by regulation rather than by the Immigration and Nationality Act. Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005); Manzano-Garcia v. Gonzales, 413 F.3d 462, 466-67 (5th Cir. 2005).

We review the BIA's affirmance of the immigration judge's denial of Okafor's request for continuance for an abuse of discretion. Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997). Okafor argues that the BIA abused its discretion because the immigration judge should have granted Okafor a continuance to await

the outcome of the appeal involving his first visa petition and the possible approval of his second visa petition.

After a thorough review of the briefs and relevant portions of the record, we conclude that the BIA did not abuse its discretion when it affirmed the immigration judge's denial of Okafor's request for a continuance. Therefore, we DENY the petition for review for essentially the reasons provided in the immigration judge's order. **DENIED.**