# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2010

Lyle W. Cayce
Clerk

No. 09-60771
Summary Calendar

MOHAMMAD WASEEM; ERUM WASEEM; ZAID WASEEM; INDULLAH
WASEEM,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 668 992
BIA No. A099 668 993
BIA No. A099 668 994
BIA No. A099 668 995

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 2001, Mohammad Waseem, his wife, Erum Waseem, and his two minor children, Zaid and Indullah Waseem, all natives and citizens of Pakistan, entered the United States as nonimmigrant visitors. The Waseems were ordered removed after the Immigration Judge (IJ) found them ineligible for asylum,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withholding of removal, or relief under the Convention Against Torture.  The Board of Immigration Appeals (BIA) affirmed the decision.

The Waseems subsequently filed a motion to reopen their immigration proceedings based on changed conditions in Pakistan.  They alleged that new information reflected a dramatic increase in tension between the Sunni and Shi'ite Muslims in Pakistan and increased sectarian violence.  The BIA denied the motion because the new evidence did not alter the Waseems' inability to establish their eligibility for immigration relief.  The Waseems now seek review of that decision.

The BIA must deny a motion to reopen if it finds that the movant has not introduced previously unavailable, material evidence or if the movant has not "establish[ed] a prima facie case for the underlying substantive relief sought." *Ogbemudia v. I.N.S.*, 988 F.2d 595, 599-600 (5th Cir. 1993).  "We review the BIA's denial of a motion to reopen proceedings under a highly deferential abuse of discretion standard." *Manzano-Garcia v. Gonzales,* 413 F.3d 462, 469 (5th Cir. 2005).  We review the BIA's factual findings to determine if they are supported by substantial evidence. *Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997).

The Waseems have not shown that the BIA abused its discretion by denying their motion to reopen because they failed to establish a prima facie case for asylum or withholding of removal.  Their evidence does not rebut the BIA's finding that the Waseems are unable to establish a fear of harm from the Pakistani government or groups that the government is unwilling or unable to control.  They have presented no argument to rebut the BIA's finding that their failure to show that they would be singled out for persecution prevented them from establishing a reasonable fear of future persecution.  To the extent the new evidence suggests that the level of violence between the Sunni and Shi'ite Muslims in Pakistan has risen, that evidence does not conflict with the BIA's determination that the Waseems would not be in any greater danger than the

rest of the population of Pakistan.  Finally, the Waseems' reliance on reports of sporadic violence against Muslims in Pakistan and on general statements that conflict exists between Sunni and Shi'ite Muslims there is not sufficient to compel the conclusion that a pattern or practice of government-sanctioned persecution exists such that their fear of persecution upon return is reasonable. *See* 8 C.F.R. § 208.13(b)(2)(iii); *Chen v. Gonzales*, 470 F.3d 1131, 1137-38 (5th Cir. 2006).

The BIA did not abuse its discretion in denying the Waseems' motion to reopen.  Accordingly, their petition for review is DENIED.