# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2011

No. 10-60218
Summary Calendar

Lyle W. Cayce
Clerk

RAJU THAPA; POONAM THAPA; PAURAKH BIKRAM THAPA,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A088 058 204
A088 413 598
A088 413 599

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Raju Thapa (Thapa), his wife, Poonam Thapa, and his son, Paurakh Thapa, who are natives and citizens of Nepal, petition this court for review of the Board of Immigration Appeals's (BIA's) denial of their motion to reopen their removal proceedings.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Because Poonam and Paurakh Thapa's requests for relief are derivative of Raju Thapa's application for relief, this per curiam opinion will refer only to Raju Thapa.

No. 10-60218

Motions for reopening immigration proceedings are disfavored because, generally, every delay enures to the advantage of the deportable alien. *INS v. Doherty*, 502 U.S. 314, 323 (1992). The BIA must deny a motion to reopen if it finds that the movant has not introduced previously unavailable material evidence, or if the movant has not "establish[ed] a prima facie case for the underlying substantive relief sought." *Ogbemudia v. INS*, 988 F.2d 595, 599-600 (5th Cir. 1993); *see* 8 C.F.R. § 1003.2(c). We apply a highly deferential abuse of discretion standard when reviewing the BIA's denial of a motion to reopen. *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005).

As to his asylum and withholding of removal claims, Thapa argues that he presented evidence in support of his motion to reopen showing that the newly politically unstable conditions in Nepal created a well-founded fear of persecution based on his membership in a particular social group consisting of Nepalese businessmen targeted by the Maoist rebels. However, because nothing in this evidence indicates that Nepalese businessmen were being newly targeted by the Maoists in any way or that the Maoists' continued extortion was based on any new motive, Thapa has not shown that the BIA abused its discretion in determining that this evidence was not material to his asylum and withholding of removal claims. *See Manzano-Garcia*, 413 F.3d at 469-70; *Ogbemudia,* 988 F.2d at 599-600.

As to his request for relief under the Convention Against Torture (the CAT), Thapa argues that his new evidence of violence against those who oppose the Maoists demonstrates that he is entitled to relief under the CAT, especially given his noncompliance with Maoist demands for money and the Nepalese government's acquiescence in the Maoists' actions. However, Thapa's evidence does not demonstrate Maoist conduct amounting to torture under the CAT. It does, however, indicate that the Maoists are no longer a part of the Nepalese government and their demonstrations and violence are being met with police action. Accordingly, Thapa has not shown that the BIA abused its discretion in

2

No. 10-60218

determining that under the CAT, this evidence did not show any likelihood that Thapa would be subjected to torture or that such treatment would occur with the government's consent or acquiescence.  *See* 8 C.F.R. §§ 208.16(c)(2), 208.18(a); *Manzano-Garcia*, 413 F.3d at 469-70; *Ogbemudia,* 988 F.2d at 599-600.

PETITION DENIED.