**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2011

Lyle W. Cayce
Clerk

No. 10-60801
Summary Calendar

YOU BO LI,

                                        Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

                                        Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 577 666

Before KING, JOLLY, and GRAVES, Circuit Judges.
PER CURIAM:[*]

You Bo Li, a native and citizen of China, was ordered deported in absentia after he failed to appear at a 1997 deportation hearing. In 2008, he filed a second motion to reopen his deportation proceedings. Li – who, with his Chinese-citizen wife, has had three children in the United States since he was ordered deported – claims to have new evidence that he will be forcibly sterilized if he returns to China. In his petition for review, Li argues that the Board of Immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60801

Appeals (BIA) abused its discretion by dismissing his appeal from the immigration judge's (IJ's) order denying the motion to reopen.

This court has jurisdiction to review the denial of an untimely motion to reopen based on changed circumstances in the alien's home country. *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard," upholding the Board's decision so long as it is not capricious, racially invidious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach. *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005).

The numerical and time limitations on motions to reopen do not apply where the motion is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Li does not dispute that his motion to reopen is his second and that it is facially untimely. Instead, he argues that the IJ and BIA abused their discretion in determining that he had not shown changed country conditions sufficient to authorize consideration of his motion to reopen. He argues that the IJ abused her discretion by failing to adequately consider his arguments and evidence and that the BIA compounded this error. Additionally, Li contends that the BIA erred in summarily dismissing his criticisms of the United States Department of State's 2007 Asylum Profile for China (2007 Asylum Profile). He also challenges the BIA's giving minimal weight to certain documents he submitted with his motion to reopen on the basis that the documents were not notarized or authenticated and were obtained for purposes of the motion to reopen.

Li, however, has not shown that the BIA abused its discretion in determining that the evidence he submitted did not show changed circumstances

in China.    Rather, the record demonstrates that the BIA considered the admissible evidence and his arguments, including his challenge to the reliability to the 2007 Asylum Profile, and determined, inter alia, that the evidence did not show changed country conditions regarding the treatment of violators of the family planning law or Chinese citizens returning to the country with United States-born children.    Li also has not shown that the BIA abused its discretion in giving minimal weight to unauthenticated notices from village family planning committees regarding Li and his wife, unauthenticated certificates of sterilization of alleged violators of the family planning law, and letters from such alleged violators.    *See* 8 C.F.R. § 287.6(b)(1).

Li additionally argues in his petition that he should not be precluded from reopening his deportation proceedings based on a change in the enforcement of China's family planning policy.    In his brief before the BIA, he argued only that he would be subject to sterilization based on the family planning policy.    He did not argue to the BIA that there was a change in procedure, i.e., that enforcement of the policy had changed or increased since the order of removal.    As this issue is unexhausted, we lack jurisdiction to consider it.    *See Omari v. Holder*, 562 F.3d 314, 317-19 (5th Cir. 2009).

DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.