**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 17, 2011

Lyle W. Cayce
Clerk

No. 10-60884
Summary Calendar

ILIR KRASNIQI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 558 572

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ilir Krasniqi petitions for review of the denial by the Board of Immigration Appeals (BIA) of his second motion to reopen removal proceedings. Krasniqi does not dispute that his motion to reopen is his second and that it is facially untimely. He argues rather that the BIA abused its discretion in concluding that he failed to show changed country conditions sufficient to grant him relief. *See Nolos v. Holder*, 611 F.3d 279, 281 (5th Cir. 2010) (citing *Kucana v. Holder*, 130 S.Ct. 827, 838-40 (2010)) (holding this court has jurisdiction to review the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of a motion to reopen based on changed country circumstances). Krasniqi argues that the evidence he submitted showed that conditions in Kosovo, following a brief period of improvement in 2005, worsened substantially and that he, as an ethnic Albanian, faces a serious threat of persecution if he returns to Kosovo.

Krasniqi has not shown that the BIA abused its discretion in denying his motion to reopen. *See Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005). The record demonstrates that, while there continued to be political unrest and periodic violence in Kosovo between 2005 and 2007, the governing authorities generally respected the human rights of the residents. Moreover, ethnic Albanians were not among the populations primarily at risk for violence, persecution, and discrimination. The BIA's summation of the evidence, while succinct, was hardly "aberrational," "without foundation in the evidence," or absent of "any perceptible rational approach." *See Manzano-Garcia*, 413 F.3d at 469. The petition for review is DENIED.