# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2013

No. 12-60197
Summary Calendar

Lyle W. Cayce
Clerk

QIANG LIN, also known as Wu Feng,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A093 412 711

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Qiang Lin, a native and citizen of China, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen the proceedings on his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Lin argues that the BIA abused its discretion in denying the motion, which was based on new evidence relating to his recent conversion to Christianity and his determination

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to practice Christianity in an unregistered religious organization if returned to China.

We review the BIA's denial of a motion to reopen under a highly deferential abuse of discretion standard. *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005). The BIA's decision is not to be disturbed so long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted). The BIA's factual findings are reviewed for substantial evidence. *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). Under that standard, reversal is improper unless the evidence not only supports a contrary conclusion but compels it. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Lin contends that he is eligible for asylum because he has a well-founded fear of religious persecution in China. To establish a well-founded fear of persecution, an applicant must demonstrate a subjective fear of persecution that is objectively reasonable. *Chen*, 470 F.3d at 1135. According to Lin, he has shown that his subjective fear of religious persecution is objectively reasonable because his affidavit supporting the motion to reopen established that he would practice Christianity in an unregistered church and preach Christianity to others in China, acts that would make him easily discoverable by Chinese authorities and singled out for persecution. He asserts that a letter from his cousin's husband in China supported his position by showing that the husband and other church members were detained and interrogated for one day after being arrested during a gathering at a church member's house. Lin also contends that reports by the United States government and other organizations demonstrated the existence of a pattern or practice of persecution in China against individuals who practiced religion outside of state-sanctioned religious organizations, including placement of those individuals in reeducation labor camps, mental institutions, and prison.

In denying the motion to reopen, the BIA found that Lin's fear of persecution was speculative. The new evidence submitted by Lin in support of his motion to reopen does not compel the conclusion that he made a showing that his fear of religious persecution was objectively reasonable. Although there is evidence of continuing restrictions on and abuse of religious freedom in China, the evidence indicates that the number of Protestants who are victims is relatively small compared to the estimated 50 to 70 million Protestants practicing in unregistered religious gatherings in China. Additionally, reports by the United States Department of State indicate that government restrictiveness on the activities of unregistered religious groups was uneven among local Chinese authorities. The BIA did not err in finding that the letter from the husband of Lin's cousin was unpersuasive evidence, as it is vague on details which would indicate religious persecution. Lin has not shown that the BIA erred in finding that his fear of persecution was merely speculative. *See Chen*, 470 F.3d at 1137-38.

In light of his failure to demonstrate, for asylum purposes, that he had a well-founded fear of persecution because of a statutorily enumerated ground, Lin cannot satisfy the higher standard required for establishing eligibility for withholding of removal. *See Chen*, 470 F.3d at 1138. Similarly, Lin cannot show for purposes of the CAT that the evidence compels the conclusion that he would more likely than not be tortured if returned to China. *See* 8 C.F.R. § 208.18(a)(1); *Chen*, 470 F.3d at 1137-39. He has not shown that the BIA abused its discretion in denying his motion to reopen. *See Manzano-Garcia*, 413 F.3d at 469.

The petition for review is DENIED.