United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60894
Summary Calendar

ERLICK MAZARIEGOS-DIAZ,

Petitioner,

versus

ALBERTO R GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review from the Board of Immigration Appeals
(No. A78 917 485)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

Erlick Mazariegos-Diaz seeks review of a final order by the Board of Immigration

Appeals ("BIA") affirming the decision of the immigration judge ("IJ"), which denied his

motion to reopen. For the reasons which follow, we deny his petition for review.

I. FACTS AND PROCEEDINGS

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Mazariegos is a citizen of Guatemala, who entered the United States on July 13, 2003, without being admitted or paroled. He was charged as removable under the Immigration and Nationality Act ("INA") § 212(a)(6)(i), 8 U.S.C. § 1182(a)(6)(i), by the Department of Homeland Security.

On July 25, 2003, Mazariegos's former attorney filed a motion for bond determination, stating that Mazariegos appeared to be eligible for asylum, withholding of removal, and protection under the Convention Against Torture. The attorney attached a copy of Mazariegos's father's asylum application. On August 12, 2003, Mazariegos appeared at a hearing before the IJ and conceded removability. Through counsel, he also waived all relief from removal and requested the maximum period of voluntary departure, sixty days. The IJ asked Mazariegos's attorney whether there were any refugee issues, and the attorney replied that there were not. The IJ granted the request for voluntary departure, giving Mazariegos until October 14, 2003, to depart the United States.

On October 28, 2003, through new counsel, Mazariegos filed a motion to reopen in order to apply for asylum. He claimed that he was fearful of returning to Guatemala and that he did not understand the consequences of voluntary departure. On December 1, 2003, the motion was denied. The IJ stated that Mazariegos had waived all relief from removal in order to obtain the maximum period of voluntary departure. The IJ rejected Mazariegos's ineffective assistance of counsel claim. The IJ further denied the motion as a matter of discretion because he found that Mazariegos waited until the voluntary

2

departure period expired before moving to reopen the case and, consequently, the claim for asylum appeared fabricated.

Mazariegos appealed to the BIA, which adopted and affirmed the order of the IJ. Additionally, the BIA found that Mazariegos's argument that the IJ did not inform him of potential forms of relief had no merit because the IJ did inquire whether there were any asylum issues. The BIA also indicated that, if Mazariegos believed the IJ denied him a rightful opportunity to apply for asylum, he should have appealed the original order granting only voluntary departure.

On appeal to this court, Mazariegos claims that the BIA abused its discretion by refusing to reopen his removal proceedings. He raises three issues: (1) his timely motion to reopen complied with the law; (2) he offered new evidence; and (3) the IJ failed to inform him of his apparent eligibility in violation of the federal regulations.

## II. STANDARD OF REVIEW

"The regulations authorize, but do not require, the BIA to reopen proceedings under certain circumstances. . . . The grant of a motion to reopen is therefore discretionary." Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000) (citing I.N.S. v. Doherty, 502 U.S. 314, 322–23 (1992)). This court reviews denials of motions to reopen under the highly deferential abuse of discretion standard. Id.; see also Wellington v. I.N.S., 108 F.3d 631, 636 (5th Cir. 1997). "[T]he standard is whether the Board has acted within the bounds of an abundant discretion granted it by Congress." Pritchett v. I.N.S., 993 F.2d 80, 83 (5th Cir. 1993). "Such discretion is not to be disturbed 'so long as it is not

3

capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach.'" Manzano-Garcia v. Gonzales, 413 F.3d 462, 469 (5th Cir. 2005) (quoting Pritchett, 993 F.2d at 83).

## III. DISCUSSION

A.    Mazariegos's Claims

Mazariegos argues that the BIA abused its discretion because his motion was timely, his application for asylum presents new evidence, and the IJ failed to inform him of his eligibility for asylum. Specifically, he points out that his motion was timely because it was filed on October 28, 2003, within the ninety-day window mandated by the regulations. See 8 C.F.R. § 1003.2(c)(2). While timeliness is a prerequisite of a motion to reopen, it does not guarantee the motion will be granted. Similarly, the new evidence of Mazariegos's asylum application provides a ground on which to grant a motion to reopen, but does not require it. See 8 C.F.R. § 1003.2(c)(1). The BIA has discretion in the matter. Lara, 216 F.3d at 496.

Mazariegos cites to 8 C.F.R. §§ 1240.11(a)(2) and (c)(1)(i)[1] and to Matter of Cordova, 22 I. & N. 966 (BIA 1999), in support of his contention that the IJ had a duty to inform him of other forms of relief.[2] Mazariegos's reliance on 8 C.F.R. § 1240.11(a)(2) is erroneous

---

[1] In his brief, Mazariegos cites to 8 C.F.R. §§ 240.11(a)(2) and (c)(1)(i). In February 2003, § 240 was moved to § 1240, without substantive changes. See Aliens and Nationality, Homeland Security, Reorganization of Regulations, 68 Fed. Reg. 9824-01 (Dep't of Justice Feb. 28, 2003). We cite to the current provision here.

[2] Mazariegos also asserts that the IJ's failure to follow the regulations resulted in a denial of due process. This argument is without merit. "The Fifth Amendment requires that aliens subject to removal proceedings be provided due process: '(1) notice of the charges

4

because the section applies to aliens who are submitting applications for the status of lawful permanent resident. Section 1240.11(c)(1)(i) is potentially applicable to Mazariegos; it provides: "If the alien expresses fear of persecution or harm upon return to any of the countries to which the alien might be removed . . . and the alien has not previously filed an application for asylum . . . the immigration judge shall . . . [a]dvise the alien that he or she may apply for asylum in the United States. . . ." In Cordova, the BIA stated: "An Immigration Judge has a duty to inform aliens of potential forms of relief for which they are apparently eligible." 22 I. & N. at 970 (emphasis added). Section 1240.11(c)(1)(i) makes clear that the alien must express fear of persecution in order for the provision to apply. Cordova likewise suggests that the judge must have some indication that the alien's situation warrants other forms of relief before his duty is triggered. In the instant case, the IJ asked Mazariegos, through counsel, whether there were any refugee issues. The attorney replied that there were not. With this response, the IJ had no reason to suppose that Mazariegos feared persecution nor that he was eligible for asylum relief.[3] Therefore, the IJ did not violate a duty to inform Mazariegos of his eligibility for asylum.

---

against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard.'" Manzano-Garcia, 413 F.3d at 470 (quoting United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002)). Mazariegos was afforded these three requirements of due process.

[3]Mazariegos also argues that the record contained a motion for bond redetermination that stated Mazariegos may be eligible for asylum and, therefore, put the IJ on notice of his apparent eligibility. However, this argument fails. The same attorney who submitted the bond redetermination motion answered the IJ's question regarding whether there were refugee issues. The judge had no reason not to believe the attorney.

B.    Review

We find that the BIA did not abuse its discretion in denying the motion to reopen. First, even though Mazariegos submitted new evidence in the form of an asylum application, the new evidence related directly to the issue about which the IJ had inquired during Mazariegos's hearing.  The evidence could have been presented at the hearing.  As the IJ stated, the relative tardiness of the application raised questions as to its genuineness. Consequently, it was within the IJ's discretion to determine that this new evidence did not warrant reopening Mazariegos's case.  Second, the IJ did not violate any duty to inform Mazariegos about other forms of relief.  Because the IJ raised the issue of other possible forms of relief at the hearing, it was again reasonable to determine that Mazariegos's case need not be reopened on this ground.  Third, Mazariegos could have directly appealed the IJ's grant of voluntary departure but did not.  He waited until the voluntary departure period expired before expressing fears of returning to his home country.  Given  these considerations, the record shows that the BIA had reasons to deny Mazariegos's motion to reopen.  Because this decision was neither unreasonable nor arbitrary, the BIA did not abuse its discretion in doing so.  See Manzano-Garcia, 413 F.3d at 470.

## IV.  CONCLUSION

Mazariegos's petition for review is DENIED.