United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-60184
Summary Calendar

———————————————

CHARLES CHIE OSABEDE, also known as Charles Chize Osabede,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A75 232 237
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Charles Osabede, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying as untimely his motion to reopen the removal proceedings that he filed in December 2005. See 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). In July 1999 the BIA dismissed Osabede's appeal of a decision by an immigration judge denying his application for asylum and withholding of removal and ordering that he be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removed to Brazil. Osabede's motion to reopen proceedings was due within ninety days of the date of entry of a final administrative order of removal. See § 1229a(c)(7)(C)(i).

In his motion to reopen, Osabede frivolously suggested that his motion was based on his failure to appear at his immigration hearing, an allegation that is flatly contradicted by the record of that hearing. Although a failure to appear may support the filing of an untimely motion to reopen under an exception enumerated in § 1229a(c)(7)(C)(iii) and may support an exercise of jurisdiction by this court, see Panjwani v. Gonzales, 401 F.3d 626, 632 (5th Cir. 2005), Osabede has abandoned any reliance on such exception in his petition for review, see Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Osabede's petition for review relies on no exception listed in § 1229a(c)(7)(C) and cites no equitable basis for avoiding the statutory ninety-day deadline for filing a motion to reopen. Accordingly, we lack jurisdiction over Osabede's petition, because there is "'no meaningful standard against which to review'" the BIA's decision. See Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 249 (5th Cir. 2004) (citation omitted). The petition for review is thus DISMISSED, and Osabede's motion to stay removal is DENIED.