United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-60472
Summary Calendar

EDNA CHIEBONAM JOHNSON (OKOYE),

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A45-079-735)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In January 2003, Edna Chiebonam Johnson (Okoye) (hereinafter Johnson), a native and citizen of Nigeria, was ordered removed from the United States to Nigeria. In November 2005, Johnson moved the Board of Immigration Appeals (BIA) to reopen her case in order to allow her to present new evidence. The BIA denied relief, finding: the motion was untimely; and, her case did not present exceptional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstances warranting the exercise of its discretionary authority to *sua sponte* reopen her case.

This court reviews the BIA's denial of a motion to reopen "under a highly deferential abuse of discretion standard". ***Manzano-Garcia v. Gonzales***, 413 F.3d 462, 469 (5th Cir. 2005). With certain limited exceptions, a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal". 8 U.S.C. § 1229a(c)(7)(C)(I); *see also* 8 C.F.R. § 1003.2(c)(2). Johnson does *not* challenge the BIA's conclusion that her motion to reopen was *not* filed within 90 days of the date of entry of the BIA's decision affirming the immigration judge's decision ordering her removal. Further, she does not present any statutory or regulatory exception to the filing of her untimely motion to reopen. Accordingly, this court lacks jurisdiction over her petition. *See **Osabede v. Gonzales***, No. 06-60184, 2007 WL 299364, at *1 (29 Jan. 2007) (per curiam); *cf.* ***Panjwani v. Gonzales***, 401 F.3d 626, 631 (5th Cir. 2005) (court has jurisdiction to review BIA's denial of untimely motion to reopen because petitioner's motion was based on changed country circumstances).

*DISMISSED*