United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60079

_____

RICARDO SILVIO DOS SANTOS OLIVEIRA

                Petitioner

     v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL

                Respondent

_____

Petition for Review of an Order
of the Board of Immigration Appeals
A77 542 899

_____

Before KING, Chief Judge, and BENAVIDES and STEWART, Circuit

Judges.

PER CURIAM:[*]

    Petitioner Ricardo Silvio Dos Santos Oliveira seeks review

of the decision of the Board of Immigration Appeals ("BIA")

denying his motion to reopen removal proceedings.

## I.  Background

    Oliveira is a native and citizen of Brazil who entered the

U.S. in December of 1988.  In 1999, Oliveira consulted one Joarez

Reis, who, according to Oliveira, represented himself as an

_____

        [*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

attorney and agreed to provide Oliveira with legal services aimed at securing legal status in the U.S. for Oliveira. Over the course of Reis's representation of Oliveira, Reis submitted several documents on Oliveira's behalf without Oliveira's knowledge or consent.

These documents included a pro-se motion for change of venue from Boston to Dallas and a change of address form which incorrectly listed Oliveira as residing in Dallas. Reis later submitted another motion for change of venue requesting that the proceedings be transferred back to Massachusetts, but the motion was denied. Because Reis had been submitting these motions and forms without Oliveira's knowledge, Oliveira was unaware that he was scheduled to appear for a removal hearing in Dallas in March of 2000, and the immigration judge ordered him removed in absentia. Oliveira was not informed of the order. Reis then submitted a motion to reopen in April, which was denied. Reis appealed that decision in November of 2000. While that appeal was pending, Alan R. Finer, an attorney located in Vineyard Haven, Massachusetts, became Oliveira's counsel of record. A few months later, in November of 2001, the BIA affirmed the immigration judge's decision. Notice of the decision was sent to Finer's office address.

In the fall of 2003, Oliveira discovered that Reis was not an attorney and that Reis had defrauded many Brazilian immigrants in falsely representing himself as an immigration attorney.

2

Oliveira hired new counsel, Stephen Lagana, to file a motion to reopen Oliveira's immigration proceedings with the BIA based on ineffective assistance of counsel. The motion alleged that Reis had falsely represented himself as an attorney, that Reis had filed documents on behalf of Oliveira without his consent, and that Oliveira had not received the notice to appear in Dallas in March of 2000.

The BIA denied the motion to reopen because Oliveira had failed to file the motion within 180 days of the BIA's November decision dismissing Oliveira's appeal. Equitable tolling was not warranted because by the time Oliveira's appeal had been dismissed, he was represented by Finer, of whom Oliveira had made no complaint. Oliveira could therefore show no good cause for failure to file the motion earlier.

## II.  Standard of Review

We review the BIA's decisions regarding a motion to reopen for abuse of discretion. *Efe v. Ashcroft*, 293 F.3d 899, 904 (5th Cir. 2002).

> It is our duty to allow [the] decision to be made by the Attorney General's delegate, even a decision that we deem in error, so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach.

*Id.* at 904.

## III.  Discussion

An order of removal issued following proceedings conducted

3

in absentia pursuant to 8 U.S.C. § 1229a(b)(5) may be rescinded "only . . . upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . ." 8 U.S.C. § 1229a(b)(5)(C)(i). Oliveira admits that his motion to reopen was subject to the 180-day limit and that his motion did not meet that time limit. However, he contends the 180-day limit should be equitably tolled because he did not realize he had been defrauded by Reis, who had claimed to be an attorney, until August 2003, almost two years after the BIA's final decision. This Circuit has not addressed whether equitable tolling applies to the 180-day filing deadline provided in § 1229a(b)(5)(C)(i). Our sister circuits are not in agreement regarding whether equitable tolling is applicable to motions to reopen INS proceedings. *Compare Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir. 1999) (finding that the 180-day filing deadline provided in 8 U.S.C. § 1252b(c)(3), later replaced by § 1229a(b)(5)(C)(i), is subject to equitable tolling) *with Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999) (holding that the 180-day statute of limitations provided in 8 U.S.C. § 1252(c)(3), later replaced by § 1229a(b)(5)(c)(i) is jurisdictional and mandatory) *and Torres v. INS*, 144 F.3d 472, 475 (7th Cir. 1998) ("[T]he judge-made doctrines of estoppel and tolling are not applied to deadlines for taking appeals, even if the appellant

4

(or, as here, the petitioner) was without fault in failing to appeal within the usually very short time (sometimes as short as 10 days) allowed for filing an appeal."). However, we need not decide that issue today because, even if equitable tolling were applicable, it is not warranted here.

"Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992). Thus, equitable tolling will be warranted only in "rare and exceptional circumstances." *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005).

Here, Oliveira has not met his burden of showing rare and exceptional circumstances that would allow for tolling of the filing deadline. Oliveira has failed to explain how the actions of Reis prevented him from filing his motion before the 180-day deadline provided in § 1229a(b)(5)(C)(i). He has submitted evidence supporting his allegation that Reis falsely represented himself as an attorney and fraudulently withheld information from Oliveira. However, that evidence does not explain Oliveira's failure to timely file his motion to reopen because by the time the BIA affirmed the immigration judge's decision not to reopen the proceeding, Oliveira was represented by Finer, counsel of record, not Reis. The record shows that Finer had access to

information regarding Oliveira's immigration proceedings such that he could have discovered the change of venue motions and other fraudulent actions taken by Reis. Oliveira has not alleged that Finer failed to notify Oliveira of the BIA's November 2002 decision or that Finer was otherwise incompetent or ineffective. Thus, Oliveira cannot rely on Reis's actions to explain his failure to file his motion to reopen in a timely manner.

Furthermore, Oliveira's actions do not evidence a diligent pursuit of his rights. He was ordered to appear before an immigration judge on January 25, 2000, and the record shows that Oliveira received notice of this order. However, he does not explain whether he appeared on that date or not. If Oliveira had attempted to appear before the immigration judge on that date, he would have discovered, at the very least, that his hearing was canceled and, possibly, that it was rescheduled and transferred to Dallas. This certainly would have suggested to Oliveira that Reis was inappropriately withholding information. Oliveira also does not explain why he did not seek information regarding his case between January of 2000 and August 2003 (when he allegedly discovered Reis's fraud).

### III. Conclusion

Accordingly, we find that the BIA did not abuse its discretion, and we deny Oliveira's petition for review.