United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2005**

Charles R. Fulbruge III
Clerk

I n the
## United States Court of Appeals
for the Fifth Circuit

_____

m 04-60826
Summary Calendar

_____

SHAN JIAN CHEN,

Petitioner,

VERSUS

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals
m A76 505 329

_____

Before SMITH, GARZA, and PRADO,
Circuit Judges.

PER CURIAM:[*]

Shan Chen was ordered removed at a hearing *in absentia* on August 27, 1999. More than four years later, he moved to reopen the removal proceeding, but the immigration judge ("IJ") denied the motion, and the Board of Immigration Appeals ("BIA") affirmed. Chen petitions for review. Finding no abuse of discretion, we deny the petition for review.

### I.

Chen, a citizen of the People's Republic of China, was charged with entering the United States without permission on May 24, 1999, and was ordered to appear at a removal hear-

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ing on August 27, 1999. Because neither Chen nor his counsel appeared, the IJ conducted the hearing *in absentia*. The IJ found that the Immigration and Naturalization Service had presented sufficient evidence to establish Chen's removability and that Chen had abandoned any claims for relief by failing to appear. The IJ therefore ordered Chen removed.

Chen filed a motion to reopen his removal proceedings on November 19, 2003, requesting that the IJ rescind the removal order. Chen claimed he was unable to attend the 1999 hearing because of a gastric illness. He further asserted that he had mailed motions to reopen on September 13, 1999, and June 14, 2001, but those motions were never delivered to the IJ. He stated that he had attached to the September 13 motion a letter from his physician verifying his illness.

The IJ declined to rescind the removal order, noting that a motion to reopen must be filed within 180 days and that an order will be rescinded only if the alien demonstrates that exceptional circumstances prevented his appearance. *See* 8 C.F.R. § 1003.23(b)(4)(ii). The IJ found that Chen's motion to reopen was untimely and that he had failed to establish the necessary exceptional circumstances. In particular, the IJ stated that Chen's claim of illness was unsubstantiated and that his failure to contact his attorney or the IJ regarding his illness militated against a finding of exceptional circumstances.

In his appeal to the BIA, Chen submitted as additional evidence a letter from his older brother confirming that he was ill and could not walk steadily at the time of the 1999 hear-

ing. The BIA affirmed without opinion.[1]

## II.

We have jurisdiction to review the BIA's order, because the Attorney General's discretion to reopen removal proceedings in circumstances such as these is not specified under the subsection of title 8 that governs immigration proceedings. Absent such a statutory grant of authority, the Attorney General's discretionary decision does not fall within the jurisdiction-stripping provisions of the Immigration Reform and Immigrant Responsibility Act of 1996. *See Zhao v. Gonzales*, 404 F.3d 295, 302-03 (5th Cir. 2005).

We review decisions of the BIA regarding motions to reopen for abuse of discretion. *See id*. at 304. Although we generally have authority to review only the order of the BIA, where, as in this case, the BIA summarily affirms the ruling of the IJ without opinion, we review the IJ's decision for abuse of discretion. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). An IJ does not abuse his discretion in denying a motion to reopen unless his decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 304.

## III.

Chen argues that the IJ "made a mistake" in

---

[1] After filing his petition for review, Chen sent a letter to this court submitting additional evidence in support of his underlying request for asylum and requesting a remand to the BIA for consideration of the evidence. Chen's request for remand is already a part of his petition for review. Because his asylum claim is not before us, we do not consider the additional evidence, and we deny the motion for remand.

asserting that his claim of illness was unsubstantiated and thereby finding no exceptional circumstances warranting recision of the removal order; Chen contends the IJ failed to take account of the letter from Chen's physician, which was part of the record. Even if that failure would otherwise constitute an abuse of discretion, however, Chen cannot prevail because, as the IJ held, his motion to reopen was untimely.

The filing of a motion to reopen within 180 days of a removal order is a condition precedent to considering whether there are exceptional circumstances that justify recision. *See* 8 C.F.R. § 1003.23(b)(4)(ii). Once the IJ held that Chen's motion, filed more than four years after the 1999 removal order, was untimely, his discussion of the existence *vel non* of exceptional circumstances was unnecessary. Any error he may have committed on that score is therefore harmless. Accordingly, the denial of the motion to reopen was not an abuse of discretion, and the petition for review is DENIED.