United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60764
_____

ZHI XIONG LIU,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General of the United States,

Respondent.

_____

PETITION FOR REVIEW FROM A FINAL ORDER OF
THE BOARD OF IMMIGRATION APPEALS
_____

Before GARWOOD, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Petitioner Liu challenges the order of the Board of Immigration Appeals affirming the immigration judge's denial of Liu's motion to reopen his deportation proceedings in order to adjust his status as untimely.[2]

Zhi Xiong Liu, a Chinese citizen, entered the United States from Mexico without inspection sometime around May 5,

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.
[2] Liu also filed several motions to reconsider and to reopen proceedings with the BIA following its affirmation of the immigration judge's decision. Each was denied. Liu does not now appeal the denial of those motions, nor does he appeal the initial denial of his asylum application or the voluntary departure order.

1

1992.  In August of 1993 Liu applied for asylum based on feared political persecution in China, and in May of 1996, his application was referred to an immigration judge.  The immigration judge held a hearing in Liu's case on July 6, 1998, and denied Liu's application for asylum.[3]  The immigration judge granted Liu a 180-day voluntary departure period, expiring on January 4, 1999.  Liu failed to depart voluntarily.

On June 14, 2002, nearly four years after the immigration judge's decision, Liu filed a motion to reopen his proceedings, asking the immigration judge to adjudicate the visa and residency applications still pending with the INS.  The immigration judge denied Liu's motion as untimely, and the Bureau of Immigration Appeals ("BIA") affirmed without opinion.  Because Liu's motion to reopen his case was filed untimely, he failed to exhaust his administrative remedies, which precludes this court from exercising jurisdiction over

---

[3] In December of 1997, before the immigration judge addressed Liu's application, Liu married a United States citizen, and in January of 1998, filed forms I-130 and I-485 with the INS. Liu notes in his brief that in December of 2003, after the BIA affirmed the immigration judge's denial of his motion to reopen, Liu received notice that his I-130 application had been approved.  Although we dismiss Liu's pending petition for lack of jurisdiction, doing so will not preclude Liu for filing a future motion to reopen with either the immigration judge or the BIA should he meet the requirements to do so. See 8 C.F.R. § 1003.23(b)(4)(iv)(2003) (excluding motions to reopen joined by all parties from time and numerical limitations).

his claims.  See Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 248 (5th Cir. 2004); see also Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Liu argues that limitations period for a motion to reopen should be equitably tolled.  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstance of a particular case," we ordinarily "draw on general principles to guide when equitable tolling is appropriate."  Fierro v. Cockrell, 294 F.3d 674 (5th Cir. 2002).  Equitable tolling is not invoked by "garden variety claims of excusable neglect."  Rashidi v. American President Lines, 96 F.3d 124 (5th Cir. 1996).  Thus, equitable tolling will be warranted only in "rare and exceptional circumstances."  U.S. v. English, 400 F.3d 273, 275 (5th Cir. 1995).  Liu offers no explanation for his failure to file his motion within the prescribed 90-day period.  See 8 C.F.R. § 1003.23(b)(1)(2003).

Liu also argues that the BIA should have exercised its *sua sponte* authority to reopen his case.  However, he failed to make that argument to either the immigration judge or the BIA.  We are therefore without jurisdiction to consider the issue on appeal.  See Wang, 260 F.3d at 453.

The Petition for Review is DISMISSED.

3