United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60793
Summary Calendar

LATI KOSSI BOURAIMA,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72-432-282
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In July 2004, Lati Kossi Bouraima, a citizen of Liberia who entered the United States without being admitted or paroled, was found removable and was denied asylum. In May 2005, Bouraima moved the Board of Immigration Appeals to sua sponte reopen and redate its July 2004 order. Bouraima asserted that his previous counsel never received the BIA's decision and that he only learned of the decision on December 15, 2004.

The BIA denied the motion. The BIA concluded that Bouraima's motion was untimely and that Bouraima had failed to show due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

diligence in making his claims against his former counsel and in filing the motion to reopen.  The instant petition for review followed.  Our review is under a "highly deferential abuse of discretion standard."  See Manzano-Garcia v. Gonzales, 413 F.3d 462, 469 (5th Cir. 2005).

Because Bouraima's motion to reopen was not filed within 90 days of the date of entry of the BIA's decision, this court lacks jurisdiction over his claims.  8 U.S.C. § 1229a(c)(7)(C)(I); Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 248-50 & n.3 (5th Cir. 2004).  Even were this court to assume that equitable tolling is applicable to motions to reopen INS proceedings, it is warranted only in rare and exceptional circumstances.  United States v. English, 400 F.3d 273, 275 (5th Cir. 1995); Liu v. Gonzales, 166 F. App'x 159, 160 (5th Cir. 2006).  It is not warranted where there has not been a "diligent pursuit" of the claim.  Oliveira v. Gonzales, 127 F. App'x 720, 723 (5th Cir. 2005); Lambert v. United States, 44 F.3d 296, 299 & n.1 (5th Cir. 1995).

Bouraima offers nothing to refute the BIA's determination that he failed to diligently pursue his claims.  Accordingly, he has failed to demonstrate that the BIA abused its discretion in denying his untimely motion to reopen.  See Manzano-Garcia, 413 F.3d at 469.  The petition for review is therefore DISMISSED.  See Liu, 166 F. App'x at 160.