IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-60351
Summary Calendar

VILMA YESENIA HERNANDEZ-GONZALEZ

Petitioner

v.

MARK FILIP, ACTING U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of immigration Appeals
BIA No. A94 772 031

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Vilma Yesenia Hernandez-Gonzalez was ordered removed at a hearing in absentia on August 24, 2006. She moved to reopen the removal proceedings on March 19, 2007, but the immigration judge denied the motion, and the Board of Immigration Appeals affirmed. Hernandez-Gonzalez petitions for review. Finding no abuse of discretion, we deny the petition for review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review decisions of the BIA regarding motions to reopen for abuse of discretion.[1]  Because the BIA summarily affirmed the ruling of the IJ, it is the IJ decision that we review.[2]  An IJ does not abuse his discretion in denying a motion to reopen unless his decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."[3]

Liberally construed, Hernandez-Gonzalez's pro se brief argues that her failure to appear at the hearing was because of exceptional circumstances.  She does not contest that she had notice of the hearing.  The notice to appear that she received comported with the statutory and constitutional requirements and informed her of her duty to provide the immigration court with her address and phone number.[4]  Because she refused to provide an address or phone number to the immigration court, she was not entitled to notice of the date of her removal hearing.

Instead, Hernandez-Gonzalez contests that she filed a motion for change of venue before the scheduled date of her removal hearing, to which the immigration court did not respond until after the hearing.  Despite this shortcoming, Hernandez-Gonzalez cannot prevail because, as the IJ held, her motion to reopen was untimely.  The filing of a motion to reopen within 180 days of a removal order is a condition precedent to considering whether there are exceptional circumstances that justify recision.[5]  Hernandez-Gonzalez's motion

---

[1] Zhao v. Gonzales, 404 F.3d 295, 304 (5th Cir. 2005).

[2] Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

[3] Zhao, 404 F.3d at 304.

[4] See 8 U.S.C. § 1229(a)(1)(F)(i).

[5] See 8 C.F.R. § 1003.23(b)(4)(ii); Chen v. Gonzales, 157 F. App'x 739, 741 (5th Cir. 2005).

to reopen was filed March 19, 2007, over 180 days after the removal order on August 24, 2006. To the extent that equitable tolling of the 180-day period might be possible, this case does not involve "rare and exceptional circumstances,"[6] especially given that Hernandez-Gonzalez stipulates to knowing as of November 10, 2006 that the removal order had issued.

The petition for review is DENIED.

---

[6] Oliveira v. Gonzales, 127 F. App'x 720, 723 (5th Cir. 2005).