# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2010

No. 10-60117
Summary Calendar

Lyle W. Cayce
Clerk

BAYRO ALFREDO BROM-RIVERA

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 890 588

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Bayro Alfredo Brom-Rivera seeks a petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") denial of his motion to reopen his removal proceedings. We review the BIA's decision under a "highly deferential" abuse-of-discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's factual findings are reviewed under a "substantial evidence" standard,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

such that this court will not overturn factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). We also review the IJ's decision where, as here, the BIA relied on the decision of the IJ. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

Brom-Rivera was apprehended near the Texas-Mexico border in April 2005. After being processed for removal by immigration officials, Brom-Rivera was personally served with a "notice to appear" at a removal hearing before an immigration court in Harlingen, Texas. Approximately one week before that hearing, Brom-Rivera sent a letter to the immigration court asking that his case be "sent to the Immigration Court in San Francisco, California." He also requested an extension in order for his recently hired immigration attorney to prepare for the hearing. Finally, he asked the court to "direct all correspondence to the address listed above." That address was "1661 F. Crows Landing Rd., Modesto, CA 95358." On the date of the originally scheduled hearing, the IJ construed Brom-Rivera's letter as a motion to change venue and denied the motion for failure to include all required information. The IJ also, however, stated that Brom-Rivera could resubmit his motion for consideration and rescheduled the removal proceeding for September 21, 2005. The immigration clerk of court mailed the order to Brom-Rivera at "1661 F. *Crowns* Landing Rd., Modesto, CA 95358." Brom-Rivera did not appear at the September 21, 2005 hearing and was ordered removed *in absentia*. The record does not reflect whether either the order rescheduling the hearing or the removal decision was returned to the immigration court as undeliverable.

Three years later, Brom-Rivera moved to reopen his removal proceedings. Pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii), an *in absentia* removal order may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title." 8 U.S.C. § 1229a(b)(5)(C)(ii). "[T]he word 'receive'

clearly shows that the focus of the rescission inquiry, in contrast to the standard for the initial entry of an in absentia order, is on the actual receipt of the required notice and not whether the notice was properly mailed." *Gomez-Palacios v. Holder*, 560 F.3d 354, 360 (5th Cir. 2009). The IJ denied Brom-Rivera's motion, finding that he was personally served with the Notice to Appear when he was apprehended.  The IJ also stated that "[a]s the Court mailed a notice of hearing to Respondent's last known address, the Court cannot reopen proceedings on account of the Respondent's alleged lack of notice." This factual finding is clearly erroneous; the record compels the contrary conclusion that the court did not mail the notice of hearing to Brom-Rivera's correct address. *See Chun*, 40 F.3d at 78.

Accordingly, the petition for review is GRANTED, the decision of the BIA is REVERSED, the removal order is VACATED, and the case is REMANDED for the BIA for further proceedings consistent with this opinion. On remand, the BIA, or the IJ, may consider in the first instance the effect of the typographical error on Brom-Rivera's alleged lack of notice.