# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60553
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2015

Lyle W. Cayce
Clerk

VICTOR ROMEO OSORIO-HERNANDEZ,

Petitioner,

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 960 132

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Victor Romeo Osorio-Hernandez, a native and citizen of Guatemala, seeks review of the Board of Immigration Appeals (BIA) decision dismissing his appeal from the immigration judge's denial of his motion to reopen the removal proceedings and to rescind the order of removal entered against him in absentia. We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60553

354, 358 (5th Cir. 2009).  Applying the substantial evidence test, we will "not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Id.*

When, as here, notice has been sent to the most recent address provided, and it is returned to the immigration court as undeliverable, the alien must demonstrate that the failure to receive notice was not due to his neglect of his address obligation.  *See id.* at 361.  Osorio-Hernandez argues that he was not at fault because he did not know that his uncle provided an incorrect address.  An alien's address obligation is not, however, limited to initially providing his correct address; if the alien moves or discovers that an incorrect address has been provided, he has an obligation to provide the immigration court with his current address information.  *See id.*  Although Osorio-Hernandez argued that he did not discover there was "no such address" until speaking to his attorney, he did not explain when he learned that it was not his uncle's address, identify the correct address, or assert that he had not moved.  There is substantial evidence to support the BIA's determination that Osorio-Hernandez did not sufficiently show that his failure to receive actual notice was not due to his neglect of the address obligation.  *See id.*  Accordingly, the BIA had a valid basis to deny his motion to reopen, and Osorio-Hernandez has not shown that the BIA abused its discretion.

To the extent that Osorio-Hernandez argues that the BIA failed to address his due process argument, this issue addresses a purported legal error in the BIA's decision itself, which could have been raised by filing a motion for reconsideration.  *See* 8 C.F.R. § 1003.2(b).  Osorio-Hernandez did not do so.  Consequently, the failure to exhaust this claim is a jurisdictional bar to our review of the issue.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

2

No. 14-60553

Accordingly, the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.