# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2022

Lyle W. Cayce
Clerk

No. 20-60906

---

Romario Benitez-Pinot,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 133 157

---

Before Jolly, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Romario Benitez-Pinot, a native and citizen of Honduras, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his motion to reopen

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60906

proceedings and to rescind the order of removal entered against him in absentia. For the following reasons, we DENY the petition for review.

## I.  Background

On August 29, 2017, Benitez-Pinot entered the United States unlawfully and unaccompanied at the age of sixteen. He was detained and served with a Notice to Appear (NTA) that did not contain a date, time, or place of his removal hearing. It did, however, inform him of his duty to provide the immigration court with a current mailing address and phone number, as well as the consequences of failing to appear once his hearing was scheduled. The Office of Refugee Resettlement subsequently placed Benitez-Pinot with his uncle who was living in Milwaukee. Benitez-Pinot's uncle, who is allegedly undocumented, falsely listed his address as 2487 South 10th Street. His uncle's actual address was 2842 South 12th Street. Notice of an immigration hearing scheduled for May 2, 2018, was mailed to the incorrect address provided by Benitez-Pinot's uncle. When Benitez-Pinot failed to appear on May 2, 2018, the immigration court entered an in absentia order of removal against him.

Benitez-Pinot asserts that he did not discover that his address was listed incorrectly or learn of his removal order until January 2019. On April 22, 2019, he filed a motion to reopen and rescind the in absentia order, arguing that he never received notice of the May 2, 2018, hearing and that exceptional circumstances warranted reopening. The IJ denied the motion to reopen, and the BIA dismissed Benitez-Pinot's appeal. Benitez-Pinot timely petitioned for review.

## II.   Jurisdiction & Standard of Review

We have jurisdiction over Benitez-Pinot's petition under 8 U.S.C. § 1252(a)(1). We review the denial of a motion to reopen under "a highly

No. 20-60906

deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Accordingly, we "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* We review questions of law de novo but afford "deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Id.* Under the substantial evidence test, we may only overturn the BIA's findings of facts if "the evidence compels a contrary conclusion." *Id.*

## III.    Discussion

Benitez-Pinot asserts he is entitled to relief under 8 U.S.C. § 1229a(b)(5)(C)(ii) because he never received notice of his hearing, or, in the alternative, under 8 U.S.C. § 1229a(b)(5)(C)(i) because his failure to appear was due to exceptional circumstances.[1] We address each argument in turn.

---

[1] On September 27, 2021, after the parties submitted briefing in this case, our court issued *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021), which held that an initial NTA lacking a date, time, and place of a removal hearing does not meet the relevant statutory requirements and cannot be cured of its defects by a subsequent written notice of the hearing. *Id.* at 355. Benitez-Pinot never raised this case or contended that it had any impact on this case until the Government filed a Rule 28(j) letter citing *Rodriguez* a few days before the oral argument in this case (June 2022). Benitez-Pinot then responded in a Rule 28(j) letter that *Rodriguez* was "relevant." Because Benitez-Pinot failed to analyze the theory in a meaningful way in his opening brief (or even immediately after issuance of *Rodriguez*), we hold the argument forfeited. *See Parada-Orellana v. Garland*, 21 F.4th 887, 892 (5th Cir. 2022) (holding a *Rodriguez*-based argument forfeited where petitioner failed to raise it in opening brief prior to *Rodriguez*'s issuance but subsequently raised it in a Rule 28(j) letter). Accordingly, we do not reach this issue.

## A. 8 U.S.C. § 1229a(b)(5)(C)(ii)

Under 8 U.S.C. § 1229a(b)(5)(A), a noncitizen who receives written notice of a hearing and fails to appear "shall be ordered removed in absentia" if the Government "establishes by clear, unequivocal, and convincing evidence that the written notice was so provided." In absentia orders may be rescinded "at any time" if a noncitizen demonstrates that he did not receive notice. *Id.* § 1229a(b)(5)(C)(ii). But it is well settled that a noncitizen's "failure to receive actual notice of a removal hearing due to his neglect of his obligation to keep the immigration court apprised of his current mailing address does not mean that the [noncitizen] 'did not receive notice' under § 1229a(b)(5)(C)(ii)." *Gomez-Palacios*, 560 F.3d at 360–61.

Benitez-Pinot argues that the Government failed to satisfy its notice requirement because it sent the relevant notice to an incorrect address and because the error was not due to Benitez-Pinot's own neglect of his obligation to keep the immigration court apprised but was instead due to his uncle's deceit. The BIA did not abuse its discretion by rejecting this argument.

We have consistently held that a noncitizen does not receive notice when the Government (as opposed to the noncitizen or a third party) makes a mistake or takes some affirmative action preventing receipt of notice. *See, e.g.*, *Fuentes-Pena v. Barr*, 917 F.3d 827, 831 (5th Cir. 2019) (vacating denial of motion to reopen where ICE failed to provide noncitizen's address to immigration court as required); *Brom-Rivera v. Holder*, 404 F. App'x 877, 878 (5th Cir. 2010) (per curiam) (vacating removal order where notice was sent to incorrect address because it was misspelled by immigration clerk).

The neglect or mistake of a third party does not excuse a noncitizen from his address reporting obligations. Indeed, a noncitizen is required to provide the immigration court with an address *and* take affirmative steps to ensure the accuracy of that address. *Mauricio-Benitez v. Sessions*, 908 F.3d

No. 20-60906

144, 148–49 (5th Cir. 2018).  That's true "[r]egardless of how the error in [the noncitizen's] address was introduced."  *Id.* at 149; *see also Osorio-Hernandez v. Lynch*, 602 F. App'x 194, 194–95 (5th Cir. 2015) (per curiam) (mem.) (rejecting an argument that a noncitizen did not receive notice "because he did not know that his uncle provided an incorrect address"); *Sun v. Barr*, 831 F. App'x 128, 129 (5th Cir. 2020) (per curiam) (mem.) (holding that noncitizen did not fail to receive notice when he moved residences and owner of his former residence did not forward his mail as requested).

Benitez-Pinot was on notice of his address reporting obligations.[2]  He was aware that he (not his uncle) was required to provide and update the immigration court with a current mailing address.[3]  He was also warned that he could be ordered removed in absentia if he failed to provide an address where he could be reached.  Though Benitez-Pinot's uncle's alleged deception was unfortunate, it did not excuse Benitez-Pinot from his affirmative obligation to ensure that the immigration court had his correct address.

Benitez-Pinot also attempts to rebut the slight presumption of delivery applied to notices sent via regular mail, *see Matter of M-R-A-*, 24 I. & N. Dec. 665, 673–74 (B.I.A.  2008), because "the fact that notice was sent by regular

---

[2] Benitez-Pinot's status as a minor does not excuse him from these obligations. Address reporting requirements are applicable to unaccompanied noncitizen children over the age of fourteen.  *See Lopez-Dubon v. Holder*, 609 F.3d 642, 646–47 (5th Cir. 2010). Accordingly, we have held that a seventeen-year-old minor who failed to update his address was not entitled to recission of an in absentia removal order based on his minor status.  *Id.* at 647.  Notably, given that Benitez-Pinot was living with his uncle, he presumably could have discerned the address himself and made sure it was correctly provided.

[3] There is no evidence in the record that Benitez-Pinot updated his mailing address with the immigration court in December 2018 when he moved out of his uncle's house.

mail to the last address provided by a [noncitizen] does not necessarily establish that the [noncitizen] has 'receive[d]' the notice," *Gomez-Palacios*, 560 F.3d at 360 (third alteration in original).    Per Benitez-Pinot, he adequately rebutted the presumption of delivery because he never received his hearing notice.    This logic is flawed.    The rebuttable presumption only applies when a noncitizen is entitled to notice and can establish that notice did not reach him at his "most recent address" because of some defect in delivery (e.g., the notice was lost by the post office).    *See Matter of M-R-A-*, 24 I. & N. Dec. at 673–74.    That is not the case here.    As discussed above, Benitez-Pinot did not adequately keep the court apprised of his mailing address, so he was not entitled to notice, and he accordingly cannot succeed under the rebuttable presumption theory.

The BIA's conclusion regarding Benitez-Pinot's claim for relief under 8 U.S.C. § 1229a(b)(5)(C)(ii) was not "capricious" nor "without foundation in the evidence."    *See Gomez-Palacios*, 560 F.3d at 358.    We thus deny this portion of Benitez-Pinot's petition for review.

## B.    8 U.S.C. § 1229a(b)(5)(C)(i)

Under 8 U.S.C. § 1229a(b)(5)(C)(i), an in absentia order may be rescinded within 180 days after its entry if the noncitizen can establish "that the failure to appear was because of exceptional circumstances."    The 180-day statute of limitations is subject to equitable tolling if the noncitizen can further establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."    *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (quotation omitted).    "Equitable tolling operates only in rare and exceptional circumstances where it is necessary to preserve [an individual's] claims when strict application of the statute of limitations would be inequitable."    *Fierro*

*v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation marks, citation, and brackets omitted).

Benitez-Pinot's motion to reopen pursuant to § 1229a(b)(5)(C)(i) was untimely, but he argues that equitable tolling should apply because he pursued his rights diligently after learning of the in absentia order, and because his uncle's deception, his age, his struggle with mental health issues, and his living conditions were extraordinary circumstances that prevented timely filing. We conclude the BIA's rejection of Benitez-Pinot's equitable tolling argument was not an abuse of discretion.[4]

An extraordinary circumstance exists when some "rare and exceptional" obstacle stands in the way of a litigant's ability to seek relief within the relevant time period. *See Fierro*, 294 F.3d at 684; *see also Oliveira v. Gonzales*, 127 F. App'x 720, 722–23 (5th Cir. 2005) (per curiam) (holding that an individual who purposefully defrauded a noncitizen and pretended to be his lawyer for many years was not an extraordinary circumstance warranting equitable tolling). The BIA considered Benitez-Pinot's uncle's deceit and Benitez Pinot's mental health diagnoses but concluded that they did not rise to the level of an extraordinary circumstance. Because the record does not compel a contrary conclusion, we do not disturb the BIA's decision.

As to due diligence, Benitez-Pinot was required to show that he was "diligent overall"—i.e., that he acted diligently in discovering his in absentia order as well as in filing the motion to reopen once he knew of the order's existence. *See, e.g.*, *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) ("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he

---

[4] The BIA assumed, without deciding, that Benitez-Pinot's uncle's deception was an "exceptional circumstance" for purposes of the statute.

was diligent overall."); *see also Rashid v. Mukasey*, 533 F.3d 127, 131–32 (2d Cir. 2008) (holding that a noncitizen "is required to exercise due diligence both before *and* after he has or should have discovered ineffective assistance of counsel").

Starting in August 2017, when he received the NTA, Benitez-Pinot was on notice that he would be required to appear at an immigration hearing. He knew more information regarding that hearing would be forthcoming; he was provided with a list of contact information for free legal services; and he presumably could have contacted the Office of Refugee Resettlement—where he was placed before he was released into his uncle's care—for more information. Benitez-Pinot, however, failed to take any action until almost a year and a half later when he finally hired an attorney to inquire about the status of his case. It was not wrong—and certainly not capricious or irrational—for the BIA to conclude that Benitez-Pinot's delay in inquiring about his case demonstrated a lack of diligence. This portion of Benitez-Pinot's petition for review is also denied.

The petition for review is DENIED.