# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-60227
Summary Calendar

NAVROZ KARIM

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 319 384

Before JONES, Chief Judge and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Navroz Karim, a native and citizen of Pakistan, petitions for review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his untimely motion to reopen the proceedings. He argues that the immigration judge (IJ) erred by denying his motion to reopen because he had made a prima facie showing that he was eligible for asylum. He also argues that the BIA erred by failing to reopen the proceedings sua sponte based on allegedly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineffective assistance of counsel rendered by Karim's second, third, and fourth attorneys of record.

The BIA enjoys discretion to deny a motion to reopen even where an alien has made out a prima facie case for relief. 8 C.F.R. § 1003.2(a). This court lacks jurisdiction to review that discretionary decision. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004).

Karim does not dispute that his motion to reopen was untimely. Instead, he argues that the time limitations for motions to reopen should be equitably tolled based on his ineffective assistance of counsel claims. Assuming Karim's equitable tolling argument can be considered, he is not entitled to relief. The BIA concluded that the ineffective assistance rendered by Karim's second attorney of record did not prevent him from timely filing a motion to reopen. Karim has not shown that the BIA abused its discretion in so concluding. *See Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005).

Karim argues for the first time in his petition for review that his third and fourth counsel of record also rendered ineffective assistance, thereby prejudicing his ability to bring his asylum claim. Because Karim failed to administratively exhaust this issue, the court lacks jurisdiction to consider it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Accordingly, Karim's petition for review is DENIED.