IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2012

Lyle W. Cayce
Clerk

No. 11-60134
Summary Calendar

GLORIA E. AVILES; SINDI M. AVILES; HELEN AVILES,

Petitioners

V.

ERIC H. HOLDER, JR.; U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A074 661 391
A095 533 564
A096 273 899

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gloria E. Aviles, and her two daughters, Sindi M. Aviles and Helen Aviles, petition for review of the Board of Immigration Appeals's (BIA) denial of their second motion to reopen. Through the motion to reopen, Gloria sought to offer evidence that, prior to her 1993 arrival in the United States, she had suffered domestic abuse while in Guatemala but she could not disclose this abuse earlier

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because she suffered from post traumatic stress disorder and depression. The Avileses argue that the BIA abused its discretion in denying the motion to reopen because it accorded limited weight to the evaluation report of Gloria's condition. They also contend that this ruling denied them due process.

To the extent that the Avileses assert that the BIA violated their right to due process, this argument is without merit because "there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought." Gomez-Palacios v. Holder, 560 F.3d 354, 361 n.2 (5th Cir. 2009). They also have not shown that the BIA abused its discretion in denying the motion to reopen, because they have not shown that the BIA's determination is "utterly without foundation in the evidence." The petition for review is DENIED. See Manzano-Garcia v. Gonzales, 413 F.3d 462, 469 (5th Cir. 2005).