# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2012

No. 11-60379
Summary Calendar

Lyle W. Cayce
Clerk

JIE ZHENG,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 775 575

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jie Zheng, a native and citizen of China, was ordered removed in 2008, and her applications for asylum, withholding, and protection under the Convention Against Torture (CAT) were denied. Zheng filed a motion to reconsider, asserting that her asylum application was timely because it was filed within one year of her changed circumstances, her baptism and the birth of her second child in the United States. She also filed a motion to reopen, asserting that she had established a well-founded fear of future persecution based on her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conversion to Christianity and her violation of Chinese family-planning regulations.

The BIA denied the motion to reconsider, finding that Zheng had not shown that her asylum application was timely. The BIA denied the motion to reopen because Zheng's evidence, a letter from family-planning officials and an affidavit from an alleged expert, failed to demonstrate her prima facie eligibility for asylum based on her violation of China's one-child policy. Likewise, the BIA also determined that the evidence supporting Zheng's argument that she would suffer persecution based on her religious beliefs, the same expert's affidavit and the 2010 Annual Report by the United States Commission on International Freedom (the 2010 Report), was insufficient to establish her prima facie eligibility for asylum on that basis.

In her petition for review, Zheng argues that her asylum application was timely because it was filed within one year of her changed circumstances, the birth of her second child in the United States. Zheng further argues that the BIA abused its discretion by not considering the letter from family-planning officials because it was unauthenticated and by determining that Dr. Flora Sapio was not an expert. Zheng contends that her evidence shows that she has a well-founded fear of persecution based on her violation of China's family-planning regulations and her religious beliefs. Zheng does not challenge the denial of the motion to reopen regarding CAT protection. This issue is therefore waived. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

We may review claims raising constitutional or purely legal questions. *See* 8 U.S.C. § 1252(a)(2)(D); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). However, the agency's determination of whether extraordinary circumstances or a change in circumstances justified the untimely filing of an asylum application is a question of fact, not a constitutional or legal question. *Zhu*, 493 at 595-96 & n.31. Thus, we lack jurisdiction to review Zheng's motion to

reconsider the BIA's decision affirming the immigration judge's assessment of the facts and circumstances affecting the timeliness of Zheng's asylum application. *See id.* at 595-96 & n.31.

Although the decision whether to grant or deny a motion to reopen is discretionary, we have jurisdiction because the BIA's discretion is not statutorily based. *Kucana v. Holder*, 130 S. Ct. 827, 834-40 (2010). A highly deferential abuse of discretion standard applies to review of the BIA's denial of a motion to reopen. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). "Such discretion is not to be disturbed so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005) (internal quotation marks and citation omitted). The alien seeking asylum has the burden of establishing that she is a refugee, meaning, as relevant here, that she has a well-founded fear of persecution in her home country on the basis of her race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(B)(i); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Zheng's argument that the BIA abused its discretion in not considering the family-planning letter because it was not authenticated is unpersuasive. Section 287.6(b)(1) of Title 8 of the Code of Federal Regulations provides that a foreign record "shall be evidenced by an official publication thereof, or by a copy attested by an officer so authorized." Zheng does not dispute that the letter was not so authenticated. In addition, the letter was unsigned and obtained for purposes of the motion to reopen. The BIA did not abuse its discretion in determining that the village certificate was unreliable due to lack of authentication. *See Matter of H-L-H & Z-Y-Z*, 25 I & N Dec. 209, 214-15 (BIA 2010).

Regardless of whether the BIA erred in determining that Sapio was not an expert, her report does not support Zheng's contention that she has a well-founded fear of sterilization upon her return to China. In particular, the affidavit cites only Chinese laws and Fujian province regulations in support of her opinion that Zheng would be sterilized. Sapio cites no sources indicating that the one-child policy is currently enforced against couples returning to China with children born in the United States. *Cf. Guo v. Ashcroft*, 386 F.3d 556, 565 (5th Cir. 2004). Further, Zheng has not shown that Sapio's affidavit was new and previously unavailable evidence. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). Thus, the BIA did not abuse its discretion in determining that the evidence failed to establish a prima facie case of eligibility for asylum and in denying Zheng's motion to reopen. *See Zhao*, 404 F.3d at 303.

Zheng's argument that she established a well-founded fear of future persecution based on her religious beliefs is likewise without merit. She relies on the 2010 Report and Sapio's affidavit in support of her argument. Although the 2010 Report provides that some Protestant leaders and members have been persecuted in the past, the report also states that approximately 400 Protestants had been detained in the previous year, that the amount of those arrested and imprisoned had decreased from the previous year, and that there are 40 to 60 million unregistered Protestants in China. Because the overall number of those detained is small compared to the enormous number of unregistered Protestant adherents, we conclude that the 2010 Report does not compel a finding of persecution to a reasonable degree. *See Chen v. Gonzales*, 470 F.3d 1131, 1137-38 (5th Cir. 2006). Further, for the same reasons cited above, Sapio's affidavit is insufficient to establish that Zheng has a well-founded fear of religious persecution.

PETITION FOR REVIEW DISMISSED IN PART FOR LACK OF JURISDICTION AND DENIED IN PART.