# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60514
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

ALFREDO AGUILERA-IBANEZ,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 935 160

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alfredo Aguilera-Ibanez petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to remand to present new evidence in support of his application for a waiver of the joint filing requirement under 8 U.S.C. § 1186a(c)(4). He argues that the BIA abused its discretion and violated his due process rights by denying his motion to remand for consideration of the sworn statement of Raquel Rangel, his ex-wife, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which she stated that they entered into their marriage in good faith.  He asserts that Rangel was not available during his removal proceedings before the Immigration Judge (IJ) because he could not locate her.

A motion to remand is treated like a motion to reopen.  *See, e.g., Wang v. Ashcroft*, 260 F.3d 448, 451-52 (5th Cir. 2001).  Motions to reopen removal proceedings are disfavored, and the moving party has a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549-50 (5th Cir. 2006).  "This [c]ourt reviews the denial of a motion to reopen under a highly deferential abuse-of-discretion standard."  *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted).

Aguilera-Ibanez was able to locate Rangel by hiring a private detective, but he did not hire the private detective until after the IJ's decision, and he did not explain why he could not have hired a private detective to locate Rangel earlier.  He has not shown that the BIA abused its discretion in concluding that he did not show that the new evidence was previously unavailable.  *See Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469-70 (5th Cir. 2005).  In addition, his due process challenge is without merit.  *See Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009).

Aguilera-Ibanez also argues that the BIA did not address his contention that the IJ failed to consider the testimony of his daughter, Marisol, and erred in not making a credibility finding regarding her testimony.  Contrary to Aguilera-Ibanez's argument, both the BIA and IJ cited to Marisol's affidavit and determined that there were inconsistencies between her affidavit and Aguilera-Ibanez's testimony.  The record shows that the IJ and BIA considered all of the evidence presented by Aguilera-Ibanez.  *See Osuchukwu v. INS*, 744 F.2d 1136, 1142-43 (5th Cir. 1984).

PETITION DENIED.